## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE MCMULLEN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK, f/k/a GE CAPITAL RETAIL BANK, d/b/a/ CARECREDIT; JPMORGAN CHASE & CO., d/b/a CHASE HEALTH ADVANCE; WAYNE BULLEN; KARIM STEWARD; ONE WORLD FITNESS; BULLEN WELLNESS; WASHINGTON CHIROPRACTIC; JOHN DOES 1-10; and CORPORATIONS A-Z,<br><br>Defendants. | Case No.:_____<br><br>NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant JPMorgan Chase & Co. ("Chase") hereby removes this civil action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia. This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In further support of this Notice of Removal, Chase states as follows:

### PROCEDURAL HISTORY

1. On September 12, 2014, Plaintiff filed a complaint in the Superior Court for the District of Columbia. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. On October 31, 2014, Plaintiff filed a First Amended Class Complaint and Jury Demand ("Class Complaint"), on behalf of herself and all others similarly situated. A true and correct copy of the Class Complaint is attached hereto as Exhibit 2.

3. The Class Complaint alleges that on or about September 21, 2011, Defendants

Wayne Bullen ("Bullen") and Karim Steward ("Steward"), by and through businesses that they owned, including Defendants One World Fitness, Bullen Wellness, and Washington Chiropractic (collectively, "Bullen Businesses"), fraudulently took out lines of credit with Defendants Synchrony Bank and Chase (collectively, "Bank Defendants") and billed a total of $8,500.00 against those lines of credit without authorization from Plaintiff. Ex. 2, ¶ 18. The Class Complaint also asserts that the Bank Defendants attempted to collect payments from Plaintiff from October 2011 through January 2014. *Id.*, ¶¶ 21-25. These actions, according to Plaintiff, violate District of Columbia law.

       4.       The Class Complaint contains seven counts. Count One claims that the Bank Defendants engaged in unlawful trade practices under the D.C. Consumer Protection Procedures Act ("DCCPPA"). Ex. 2, ¶¶ 44-52. Count Two claims that Bullen and Steward committed unlawful trade practices under the DCCPPA. *Id.*, ¶¶ 53-59. Count Three claims that all Defendants committed fraud and conspired to commit fraud. *Id.*, ¶¶ 60-70. Count Four alleges that Bullen and Steward committed conversion. *Id.*, ¶¶ 71-79. Count Five alleges that Bullen, Steward, and One World Fitness committed a breach of contract and a breach of good faith and fair dealing. *Id.*, ¶¶ 80-86. Count Six seeks to pierce the corporate veil of the Bullen Businesses and to hold the Bullen Businesses, Bullen, and Steward jointly and severally liable. *Id.*, ¶¶ 87-95. Count Seven seeks an award of punitive damages against all defendants. *Id.*, ¶¶ 96-99.

       5.       The Plaintiff seeks relief on her own behalf and on behalf of a putative class of all One World Fitness customers who received financing from the Bank Defendants. Ex. 2, ¶ 36. Among other things, the Class Complaint seeks compensatory damages for Defendants' alleged violations of D.C. law, treble damages under the D.C. Consumer Protection Procedures Act, punitive damages, and attorney's fees and costs. *Id.*, at 25-26.

6. On November 3, 2014, Plaintiff served a copy of the summons, initial order and addendum containing the case assignment and date of the initial conference, Complaint, and Class Complaint on Chase's registered agent for the District of Columbia.  A true and correct copy of the summons is attached hereto as Exhibit 3.  A true and correct copy of the initial order and addendum is attached hereto as Exhibit 4.  Exhibits 1-4 constitute all of the process, pleadings, and orders served on Chase in this case, and are attached hereto pursuant to 28 U.S.C. § 1446(a).

## PARTIES

7. According to the Class Complaint, Plaintiff Valerie McMullen is a resident of the District of Columbia.  Ex. 2, ¶ 5.

8. Defendant JPMorgan Chase & Co. is a Delaware corporation with its principal place of business in New York.  *Id.*, ¶ 7.

9. The Class Complaint alleges that defendants Bullen and Steward are residents of Maryland, and that GE Capital is a Delaware corporation with a principal place of business in Connecticut.  *Id.*, ¶¶ 6, 8-9.

10. Plaintiff brings claims on her own behalf and on behalf of a putative class of customers of One World Fitness who received financing from the Bank Defendants.  *Id.*, ¶ 36.

## TIMELINESS OF REMOVAL

11. Plaintiff served the Class Complaint on Chase on November 3, 2014.  This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the *Federal Rules of Civil Procedure*.

**BASIS FOR REMOVAL**

12.     This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). As detailed below, this case is a purported class action in which (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; (2) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100"; and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

13.     CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action is a "class action" for purposes of CAFA because Plaintiff is bringing this action individually and on behalf of a proposed class of all similarly situated persons.

**Diversity of Citizenship under the Class Action Fairness Act**

14.     CAFA's minimal diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Here, minimal diversity exists between Plaintiff and Chase. Plaintiff is a citizen of the District of Columbia. *See* Ex. 2, ¶ 5. Chase, as a Delaware corporation with its principal place of business in New York, is a citizen of Delaware and New York. *See id.* at ¶ 7; 28 U.S.C. §§ 1332(d)(2)(A), 1348. In addition, the Complaint alleges that defendants Bullen and Steward are residents of Maryland, and that GE Capital is a Delaware corporation with a principal place of business in Connecticut. Ex. 2, ¶¶ 6, 8-9.

**Number of Proposed Class Members Under the Class Action Fairness Act**

15.     The proposed class that plaintiff seeks to represent consists of "herself and all other One World Fitness customers who received financing from Defendant Banks." Ex. 2, ¶ 36.

4

According to plaintiff's allegations, there are "approximately one hundred One World Fitness customers who received financing from Defendant Banks." *Id.*, ¶ 38. CAFA's numerosity requirement is therefore satisfied: this is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332 (d)(5)(B).

**Amount in Controversy under the Class Action Fairness Act**

16. CAFA's amount-in-controversy requirement is satisfied as well. For jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy [meets the] $5,000,000" threshold. 28 U.S.C. § 1332(d)(6). Class members' claims can be aggregated by taking "the average class member's claim [] multiplied by the number of class members." *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 155 (D.D.C. 2007).

17. CAFA's amount-in-controversy threshold is satisfied in this case as follows:

   a) Plaintiff, on behalf of a putative class of at least 100 customers of One World Fitness, seeks, *inter alia*, compensatory damages and treble damages under the DCCPPA. *See* Ex. 2 at 25. Plaintiff claims that the fraud allegedly perpetrated against her is "typical, and representative, of the fraud perpetuated [*sic*] against [] One World Fitness customers." *Id.*, ¶ 40. Plaintiff also claims that the injuries she suffers are similar to the injuries suffered by the members of the class she seeks to represent. *Id.*, ¶ 41.

   b) Plaintiff asserts claims against the Bank Defendants and Defendants Bullen and Steward pursuant to the DCCPPA, D.C. Code §§ 28-3901 *et seq*. Under the DCCPPA, a plaintiff who establishes liability may be

5

entitled to recover treble damages or $1,500 per violation, whichever is greater; attorney's fees; punitive damages; and restoration of any money or property obtained through unlawful practices. D.C. Code § 28-3905(k)(1). Plaintiff seeks to recover such amounts. *See* Ex. 2, ¶ 43, at 25-26 (Prayer for Relief).

c) Plaintiff alleges that the Bank Defendants and Defendants Bullen and Steward committed a total of 29 violations of the DCCPPA with respect to Plaintiff personally. *See* Ex. 2, ¶¶ 45-51, 54-58. Furthermore, Plaintiff seeks, among other things, to recover compensatory damages and treble damages for each of these 29 alleged violations. *See id.* at ¶¶ 52, 59. If, as plaintiff alleges, her claims and injuries are typical of those of the putative class of 100 or more customers of One World Fitness, damages even at the statutory minimum of $1,500 would place at least $4,350,000 in controversy (29 x 100 putative class members x $1,500 is $4,350,000).

d) Plaintiff also asserts common law claims for fraud and conspiracy to commit fraud against all Defendants, conversion by Defendants Bullen and Steward, and breach of contract by Defendants Bullen, Steward, and One World Fitness. Pursuant to her conversion claim, Plaintiff seeks relief for $8,500.00 that Bullen and Steward allegedly wrongfully charged to lines of credit opened in Plaintiff's name. Plaintiff also seeks damages from Bullen, Steward, and One World Fitness for breach of contract for their alleged failure to return $2,210.00 in credit for unused personal training sessions. Extrapolating these alleged losses to other potential

        members of the proposed class who allegedly suffered similar injuries yields an additional $1,071,000 in alleged damages (($8,500 in damages for conversion + $2,210 in damages for breach of contract) x 100 putative class members). *See* Ex. 2, ¶¶ 41, 71-86.

    e)    Plaintiff also seeks punitive damages from Defendants for their alleged fraudulent conduct. *See* Ex. 2, at 26. Punitive damages are included when calculating the amount in controversy. *See Wexler*, 496 F. Supp. 2d at 154.

    f)    Plaintiff also seeks to recover attorney's fees. *See* Ex. 2, at 26. Such fees are included in any amount-in-controversy analysis. *See Wexler*, at 154.

18. The total amount placed in controversy by Plaintiff's legal theories and allegations therefore exceeds $5,000,000, exclusive of interest and costs.

19. The recitation of the allegations and requests for relief above is not a concession that Plaintiff's allegations or legal theories have merit. Chase reserves the right to assert all applicable defenses in this matter.

20. For the reasons stated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

21. No other defendants are required to join in this Notice. *See* 28 U.S.C. § 1453(b) (providing that a class action "may be removed by any defendant without the consent of all defendants").

22. This case may be removed to this Court under 28 U.S.C. § 1446(a) in that the Complaint was filed in the Superior Court for the District of Columbia, which is within the District of Columbia.

23. The undersigned counsel certifies that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the District of Columbia, and served upon counsel for Plaintiff promptly.

WHEREFORE, the case now pending in the Superior Court of the District of Columbia, No. 2014 CA 005755 B, is hereby removed to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1441.

Dated: November 24, 2014                    Respectfully Submitted,


/s/ Robert D. Wick
Robert D. Wick (D.C. Bar No. 440817)
Eric C. Bosset (D.C. Bar No. 414283)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-6000
(202) 778-5487 (fax)
rwick@cov.com
ebosset@cov.com

*Counsel for Defendant*
*JPMorgan Chase & Co.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was sent via first-class mail, postage prepaid on this 24th day of November, 2014, to:

Brendan Klaproth
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
(202) 618-2344
*Counsel for Plaintiffs*

Synchrony Bank
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
New Castle, DE 19801

Wayne Bullen
5008 Connecticut Ave. NW
Washington, DC 20008

Karim Steward
5290 Sands Road
Lothian, MD 20711

One World Fitness
1738 14th Street NW
Washington, DC 20009

Bullen Wellness
5008 Connecticut Ave. NW
Washington, DC 20008

Washington Chiropractic
5008 Connecticut Ave. NW
Washington, DC 20008
*Defendants*

                                              /s/ Kristin E. Hucek
                                              Kristin E. Hucek