# EXHIBIT 2

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

VALERIE MCMULLEN, individually and on )
behalf of others similarly situated, )
2576 Sherman Avenue NW )
Apt 302 )
Washington, D.C. 20001 )
                                      )
        Plaintiff, )
                                      )
            v. ) Civ. No.      2014 CA 005755 B
                  ) Judge:      Hon. Judge Mott
SYNCHRONY BANK, ) Next Event: December 12, 2014
f/k/a GE CAPITAL RETAIL BANK, )              Initial Scheduling Conference
d/b/a CARECREDIT )
777 Long Ridge Road )
Stamford, CT 06902-1250 )
                                      )
    Serve:  Synchrony Bank )
            c/o The Corporation Trust Company )
            Corporation Trust Center )
            1209 Orange Street )
            New Castle, DE 19801 )
                                      )
JPMORGAN CHASE & CO. )
d/b/a CHASE HEALTH ADVANCE )
270 Park Avenue )
New York, NY 10017 )
                                      )
    Serve:  JPMorgan Chase & Co. )
            C T Corporation System )
            1015 15th St NW )
            Suite 1000 )
            Washington, DC 20005 )
                                      )
WAYNE BULLEN )
5008 Connecticut Ave NW )
Washington, DC 20008 )
                                      )
KARIM STEWARD )
5290 Sands Rd )
Lothian, MD 20711 )
                                      )
ONE WORLD FITNESS )

1738 14th St NW )
Washington, DC 20009 )
                                                                )
   Serve: Karim Steward )
       5290 Sands Rd )
       Lothian, MD 20711 )
                                                                )
BULLEN WELLNESS )
5008 Connecticut Ave NW )
Washington, DC 20008 )
                                                                )
   Serve: Wayne Bullen )
       5008 Connecticut Ave NW )
       Washington, DC 20008 )
                                                                )
WASHINGTON CHIROPRACTIC )
5008 Connecticut Ave NW )
Washington, DC 20008 )
                                                                )
   Serve: Wayne Bullen )
       Washington Chiropractic )
       5008 Connecticut Ave NW )
       Washington, DC 20008 )
                                                                )
JOHN DOES 1-10 (*being the fictitious names of* )
*persons who are not presently known to Plaintiff),* )
                                                                )
CORPORATIONS A-Z., (*being a fictitious* )
*entities who are not presently known to Plaintiff.*) )
                                                                )
   Defendants )
_____ )

## FIRST AMENDED CLASS COMPLAINT AND JURY DEMAND

     Plaintiff Valerie McMullen, on behalf of herself and all others similarly situated, by her

attorney, hereby alleges:

### PRELIMINARY STATEMENT

     1.    This case involves the identity theft and fraudulent billing by Defendants Wayne

Bullen ("Bullen") and Karim Steward ("Steward"). Specifically, without any authorization or

approval by Plaintiff, Defendants Bullen and Steward took out lines of credit on behalf of

2

Plaintiff with Defendants Synchrony Bank ("GE Capital") and JP Morgan Chase ("Chase Health Advance") (collectively "Defendant Banks") and billed against those lines of credit in the amount of $8,500.00. Defendant Banks issued the lines of credit against the Plaintiff without having received any documentation that the Plaintiff authorized the lines of credit and/or the charges. Furthermore, Defendant Banks processed payment against the lines of credit for the benefit of Defendants Bullen and Steward without any authorization from Plaintiff. When notified of the fraudulent activities undertaken by Defendants Bullen and Steward, Defendant Banks took no corrective action and instead aggressively pursued repayment of the invalid debt, thereby adversely impacting Plaintiff's credit. Upon request by Plaintiff for documentation related to the alleged indebtedness, Defendant Banks failed to provide any documentation.

As a result of the Defendants unlawful trade practices, conversion, fraud, conspiracy to commit fraud, and breach of contract, Plaintiff has suffered severe damage.

Plaintiff, through her undersigned counsel, hereby alleges the following:

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6).

3.      This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1)-(4).

4.      The acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this district.

## PARTIES AND RELEVANT PERSONS

5.      Plaintiff Valerie McMullen is an individual who resides in the District of Columbia.

6.      Defendant GE Capital at all times relevant herein is a Delaware corporation with

3

its principal place of business located at 777 Long Ridge Road Stamford, CT 06902-1250. GE
Capital conducts substantial business activities within the District of Columbia.

   7.   Defendant Chase Health Advance at all times relevant herein is a Delaware
corporation with its principal place of business located at 270 Park Avenue, New York, NY
10017. Defendant Chase Health Advance conducts substantial business activities within the
District of Columbia.

   8.   Defendant Wayne Bullen is an individual who, upon information and belief,
resides in the state of Maryland. Defendant Bullen is the principal owner of Washington
Chiropractic, Bullen Wellness, and, upon information and belief, One World Fitness. At all times
relevant herein, Defendant Bullen used his chiropractor business to obtain fraudulent lines of
credit for One World Fitness customers for his personal gain. Wayne Bullen's principal place of
business is located in the District of Columbia at 5008 Connecticut Ave NW, Washington, DC
20008. At all times relevant herein, Defendant Bullen conspired with Defendant Steward in
using Defendant Bullen's chiropractor business to obtain fraudulent lines of credit for One World
Fitness customers for his personal gain.

   9.   Defendant Karim Steward is an individual who, upon information and belief,
resides in the state of Maryland. Defendant Steward is the principal owner of Bullen Wellness
and One World Fitness. At all times relevant herein, Defendant Steward conspired with
Defendant Bullen in using Defendant Bullen's chiropractor business to obtain fraudulent lines of
credit for One World Fitness customers for his personal gain. Defendant Steward conducted
substantial business activities in the District of Columbia.

   10.   Defendant One World Fitness is a business located in the District of Columbia. At
all times relevant herein, Defendant One World Fitness was the alter ego of Defendants Bullen

4

and Steward. Defendant One World Fitness was formerly a limited liability company organized under the laws of the District of Columbia, whose corporate status was revoked.

11.     Defendant Bullen Wellness is a business located in the District of Columbia. At all times relevant herein, Defendant Bullen Wellness was the alter ego of Defendants Bullen and Steward. Defendant Bullen Wellness was formerly a limited liability company organized under the laws of the District of Columbia, whose corporate status was revoked.

12.     Defendant Washington Chiropractic is a business located in the District of Columbia. At all times relevant herein, Defendant Washington Chiropractic was the alter ego of Defendants Bullen and Steward.  Defendant Washington Chiropractic was formerly a limited liability company organized under the laws of the District of Columbia, whose corporate status was revoked.

13.     Upon information and belief, Defendants John Does 1-10 are fictitious names of persons who are not presently known to Plaintiff who were employed by Defendants or acted as representatives or agents of Defendants.

14.     Upon information and belief, Defendant Corporations A-Z are fictitious entities whose names are not presently known to Plaintiff that may be liable to Plaintiff or the alter egos of Defendants.

## FACTS COMMON TO ALL COUNTS

**Fraudulent Scheme by Defendants Bullen and Steward**

15.     On or about September 14, 2010, Plaintiff Valerie McMullen signed up for a gym membership with Defendant Steward at the One World Fitness gym. Ms. McMullen paid $5,040.00 to One World Fitness for fifty (50) personal training sessions. Ms. McMullen financed the 50 training sessions through Chase Health Advance.   At the time of entering into

5

the contract, Defendant Steward represented that Ms. McMullen could receive a refund at any time. The contract also stated that a refund would be available upon request.

16.     In December 2010, Ms. McMullen renewed her membership with One World Fitness, purchasing an additional one-hundred and fifty (150) training sessions in the amount of $8,050.00. Ms. McMullen paid for the renewal with a personal credit card. Again, Defendant Steward stated to McMullen that she could cancel the membership at any time and get a refund for the unused training sessions.

17.     On September 23, 2011, Ms. McMullen canceled her membership with One World Fitness and requested a refund in the amount of $2,210.00. On November 5, 2011, Carlos Fenwick, an employee of One World Fitness, who was at all times acting within the scope of employment, confirmed that Ms. McMullen would receive a refund for her unused training sessions.     Specifically, Mr. Fenwick stated, "I write to inform you that you will receive your refund from One World Fitness 90 days from September 23rd. I apologize for the delay in getting back to you about your inquiry." Ms. McMullen never received the refund despite repeated entreaties to Defendants.

18.     Unbeknownst to Ms. McMullen, rather than cancelling Ms. McMullen's membership and providing Ms. McMullen with a refund, on or about September 21, 2011, Defendants Bullen and Steward instead obtained lines of credit with Defendant Banks on behalf Ms. McMullen in the amount of $8,500.00 ("Unauthorized Lines of Credit"). Ms. McMullen neither authorized Defendants Bullen and Steward to obtain the lines of credit with Defendant Banks, nor did she have knowledge that Defendants Bullen and Steward had done so. Even more egregious, on or about September 21, 2011, Defendants Bullen and Steward then charged Ms. McMullen, without authorization, against the lines of credit in the amount of $8,500.00 for

6

services never  provided to Ms. McMullen ("Unauthorized Charges").

19.     Since October 2011, Ms. McMullen has repeatedly demanded to Defendant
Steward and One World Fitness employees that her refund be issued in the amount of $2,210.00
and that the Unauthorized Charges be reversed.  Moreover, the Office of the Attorney General for
the District of Columbia attempted to contact One World Fitness on behalf of Ms. McMullen.
Initially, Defendant Steward and One World employees represented that the charges would be
reversed.  Over time, however, the requests made by Ms. McMullen and the D.C. Office of
Attorney General have been completely ignored.

## Defendant Banks' Participation in the Fraudulent Scheme to Obtain the Unauthorized Lines of Credit and Unauthorized Charge

20.     In or about October 2011, Ms. McMullen received correspondence from GE
Capital.  The correspondence contained a "CareCredit" credit card with a message stating,
"Thank you for signing up at Bullen Wellness."  The correspondence also contained a financial
statement showing that a credit limit had been issued to Ms. McMullen in the amount of
$7,500.00.  The financial statement further indicated that the entire line of credit had been billed
and paid to "Bullen Wellness Washington DC" in the amount of $7,500.00 on September 21,
2011.  Ms. McMullen never applied for, or requested the line of credit with Bullen Wellness.
Furthermore, Ms. McMullen never authorized a purchase from Bullen Wellness on September 21,
2011.

21.     In or about October 2011, Ms. McMullen also received a financial statement from
Chase Health Advance.  Similarly, the statement indicated that "Bullen Wellness Washington
DC" made a charge on September 21, 2011 in the amount of $1,000.00.  Ms. McMullen did not
make a purchase at "Bullen Wellness Washington DC" on September 21, 2011 or authorize
"Bullen Wellness Washington DC" to charge against a line of credit with Chase Health Advance.

22.    In or about October 2011, and shortly after receiving the financial statement from GE Capital reflecting the Unauthorized Line of Credit and Unauthorized Charges, Ms. McMullen called GE Capital to dispute the line of credit and the charges. GE Capital pressed that the charge was authorized and payment due. Nonetheless, GE Capital stated that it would email Ms. McMullen a form to dispute the charge. GE Capital never emailed the form to Ms. McMullen. GE Capital also made no attempts to confirm the validity of the fraudulent charge.

23.    In or about October 2011, and shortly after receiving the financial statement from Chase Health Advance reflecting the unauthorized charges, Ms. McMullen called Chase Health Advance to dispute the charges. Chase Health Advance pressed that the charge was authorized and payment due. Chase Health Advance did not process the dispute as requested by Ms. McMullen, or make any attempts to confirm the validity of the fraudulent charge.

24.    In or about March 2013, Ms. McMullen again called GE Capital to dispute the Unauthorized Line of Credit and Unauthorized Charges against the line of credit. During this phone call, Ms. McMullen also requested that GE Capital furnish a signed application requesting the line of credit, a promissory note, and a receipt or purchase authorization for the fraudulent charge by Defendants Bullen and Steward.

25.    On or about January 14, 2014, Ms. McMullen called GE Capital to once again request a promissory note, application, contract, or any other documentary evidence in relation to the unauthorized line of credit and charge made by Bullen Wellness. GE Capital stated that it would mail the requested documents to Ms. McMullen within seven (7) business days. On or about January 21, 2014, Ms. McMullen received a letter from GE Capital stating:

> Thank you for your recent inquiry regarding you're your CARECREDIT/GECRB account...We appreciate your patience and assure you that we will make every effort to resolve your inquiry in a timely manner. When we have completed our review of your account, we will send you a written response with the actions take

8

on your account.

Ms. McMullen did not receive any further response from GE Capital in response to her request for documentary proof of her alleged indebtedness to GE Capital.

26.     GE Capital has further been notified on multiple occasions by the Office of the Attorney General for the District of Columbia of the fraudulent charges made by Defendants Bullen and Steward.   GE Capital failed to take any corrective action, or at a minimum, investigate the fraudulent conduct by Defendants Bullen and Steward.

27.     GE Capital has charged Ms. McMullen interest on the unauthorized charge in the amount of 26.99% APR, resulting in over $4,700.00 additional damage to Ms. McMullen, which continues to increase.

28.     Furthermore in or about April 2014, GE Capital reported the Unauthorized Charges to the Unauthorized Line of Credit to Experian, Transunion, and Equifax as a "Charge Off" thereby adversely impacting Ms. McMullen's credit.   This inaccurate reporting to the credit agencies has further caused Ms. McMullen substantial damages.

## Defendant Bullen's and Defendant Steward's Pervasive Fraudulent Scheme to Defraud One World Fitness Customers

29.     Defendants Bullen's and Steward's scheme to defraud Ms. McMullen by taking out the Unauthorized Lines of Credit, and then charging against the lines of credit without authorization, was common among numerous One World Fitness customers.

30.     On April 12, 2013, a One World Fitness customer, Laine Smith, posted the following message on One World Fitness's Facebook page:

9



**Laine Smith**
April 12, 2013 at 8:22am

SCAM ALERT! - These people are a scam. DO NOT
join this place. they will open up a finance in your
name under the identity of Bullen Wellness (a
chiropractor). One of the master minds behind this
scam is Karim Steward.

Like · Comment · Share

31.    On April 10, 2013, a One World Fitness customer posted on Yelp.com using the

username NnK M. the following review of One World Fitness:

> DO NOT GO TO THIS PLACE. Karim Steward and the entire thing is scam to
> get you to sign a finance agreement in which they will open thousands of dollars
> in your name under a Bullen Wellness, and if you ask Karim and this place to
> close the account, they lie and say they will but they don't, and he never answers
> his phone, nor returns any phone calls. Then on top of this just over a month ago
> they were shut down for health code violations by the health department. SCAM,
> don't fall for it.

On April 12, 2013, the same Yelp user post the following review on the page for Washington

Chiropratic:

> In connection with One World Fitness somehow and pulling scams on people by
> opening large sums of finances on people through this gym with Karim Steward
> at 1738 14th Street, NW, Washington, DC.

These reviews were available on September 10, 2014 at the following url address:

http://www.yelp.com/user_details_reviews_self?userid=mU8oLMkxhgcdejQcX0dBag.

32.    On May 9, 2012, a One World Fitness customer posted on Yelp.com using the

username Phillip R. the following review of One World Fitness:

> I signed up for the financing plan through Chase Health Advance and was told
> that whatever I didn't use would be refunded to me.

> I attended sessions once a week with a trainer who is no longer there for a little
> over 1 month. Its been six months since I stopped, and after repeated attempts to

10

contact the owner -- OR ANYONE -- I'm still not receiving my refund, or any answers, and I'm DROWNING in payments to Chase Health Advance. There's nothing I can do, I have to keep paying Chase. The con artists at One World have my money and won't call me back. DO NOT SIGN UP FOR ONE WORLD! This is a total sham.

DO NOT SIGN UP FOR THE FINANCING PLAN! IT IS A SCAM!

This review was available on September 10, 2014 at the following url:

http://www.yelp.com/user_details?userid=9hxT7Uam_UnodGLkIbmllg

33.    On April 12, 2013, a One World Fitness customer posted on the website

www.ripoffreport.com the following review of One World Fitness:

I didn't pay anything. I joined a Gym called One World Fitness on February 26 (only giving them authorization with my signature to look up my credit) , had one consultation with this place and only three sessions. I told the manager (Karim Steward) that I would get a loan from MY bank to pay for it, however they took my signature and opened a $10,060 finance in my name under the identity of "Bullen Wellness", which I did research on and found out Bullen Wellness is a Chiropractor. I never saw a Chiropractor. Once I found this out, as stipulated on the bill and after talking to HC financing, they told me to have this debt removed, I would have to contact the merchant, which I did several times and did so in certified mail, and in text message. All of which I have proof of. Karim Steward (the man I actually met with who is NOT a chiropractor, and one of the scam artist behind this entire thing), claimed he would stop the finance and he never did. I explained this to HC finance, and yet they are still calling me, even on my job and the bill was only due on April the 1st of 2013. I am now having to go through an attorney to get this matter straight, but someone needs to investigate this place because I am finding out I am not the only one they have pulled this scam on. I want this matter handled.

The review was available on September 10, 2014 at the following url:

http://www.ripoffreport.com/r/One-World-Fitness/Washington-District-of-Columbia-20009/One-

World-Fitness-Bullen-Wellness-finance-scam-identity-theft-Washington-District-of-Col-1042704

34.    On April 18, 2013, a One World Fitness customer posted on the website

www.ComplaintsBoard.com the following review of One World Fitness:

I briefly attending fitness training (3 sessions with Daniel Santry) with a One World Fitness in Washington, DC. One World Fitness opened a finance of $10,

060 in my name without my knowledge with a Bullen Wellness (a chiropractor). I never saw a Bullen Wellness. I saw a man name Karim Steward (the one who opened this account), and did not obtain any of my medical information and if they did, they did so without my permission by using my signature to join the gym. Now I am being harassed on a daily basis by HC Processing, even calling me on my job and the account was just due on April 1, 2013. I am seeking legal consultation because of this matter, but I want HC processing to stop harassing me and for this account to be dismissed because I have no returned to this place (One World Fitness) so to have a fake medical account in my name for that ridiculous and fraudulent amount is really putting stress on me. Karim Steward is a con artist and he should have an investigation placed on him. I sent not only a certified letter to Mr. Steward to close this account but also have proof in text messages asking him to do so and he never closed the account and made $10, 060. Bullen Wellness, One World Fitness, Karim Steward and many more have pulled this cam on many people.



The review was available on September 10, 2014 at the following url:

http://www.complaintsboard.com/complaints/one-world-fitness-fraudulant-identity-theft-c667337.html

35.     Defendants Bullen and Steward used Bullen's chiropractor business to obtain financing through Defendant Banks, because a gym/fitness studio is not eligible for medical financing provided by Defendant Banks. Accordingly, Defendant Bullen and Steward used the fictitious shell entity "Bullen Wellness," that was purportedly a chiropractor office, in order to obtain the unauthorized financing for One World Fitness customers. This was a common scheme effectuated against numerous One World Fitness customers. Accordingly, the fraud perpetuated against Ms. McMullen is typical, and representative, of the fraud perpetuated against numerous One World Fitness customers.

12

## CLASS ACTION ALLEGATIONS

36.     Plaintiff seeks to bring this case as a class action on behalf of herself and all other One World Fitness customers who received financing from Defendant Banks.

37.     The class shall be defined as former One World Fitness customers in the District of Columbia who received health care financing from GE Capital or Chase Health Advance.

38.     The proposed class is so numerous that joinder of all members is impractical.  On information and belief, there are approximately one hundred One World Fitness customers who received financing from Defendant Banks.

39.     There are common questions of law and fact common to the class, because Defendants conspired with one another to defraud numerous One World Fitness customers. Similarly, in effectuating the fraud, Defendants violated the D.C. Consumer Protection Procedures Act.

40.     Defendants' scheme to defraud One World Fitness customers was a common scheme effectuated against numerous One World Fitness customers.  Accordingly, the fraud perpetuated against Ms. McMullen is typical, and representative, of the fraud perpetuated against numerous One World Fitness customers.

41.     Ms. McMullen can, and will, adequately represent the interests of the class because Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class she seeks to represent.  Plaintiff has no interests that conflict with or antagonistic to the interests of the entire class.  Plaintiff has retained Brendan Klaproth of Klaproth Law PLLC who is competent to represent the Class and will vigorously prosecute this litigation.

42.     A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

a.   Common questions of law and fact predominate over any individual questions that may arise, because all claims involve the same fraudulent scheme perpetuated against One World Fitness customers and the same unlawful trade practices in violation of the D.C. Consumer Protection Procedures Act.

b.   No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

c.   Upon information and belief, there are no pending lawsuits concerning this controversy.

d.   It is desirable to concentrate the litigation of these claims in this forum since the acts complained of took place in the District of Columbia and this forum is convenient to the parties, the class members, and potential witnesses.   The resolution of the claims of all class members in a single forum, and in a single proceeding, would be fair and efficient means of resolving the issues raised in this litigation.

e.   The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not party to the adjudications or substantially impair or impede their ability to protect their interests.

f.   This class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action.

g.   Resolution of class members' claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claims. Absent this class action, class members will not likely obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of the District of Columbia.

43.   Plaintiff also seeks to bring this class action litigation in her individual capacity and on behalf of the general public under D.C. Code § 28-3905(k) to seek relief from the use of the unlawful trade practices of Defendants and to restore to One World Fitness Customers the money which may have been acquired by the means of Defendants' unlawful trade practices.

14

## COUNT I
### Unlawful Trade Practices under the D.C. Consumer Protection Procedures Act
### (Defendants GE Capital and Chase Health Advance)

44.     The Plaintiff realleges and incorporates by reference the allegations contained in

the preceding paragraphs of this Complaint as if fully set forth herein.

45.     Under the Consumer Procedures Protections Act (CPPA), it is an unlawful trade

practice to "fail to supply to a consumer a copy of a sales or service contract, lease, promissory

note, trust agreement, or other evidence of indebtedness which the consumer may execute." D.C.

Code § 28-3904(q). Defendant Banks violated D.C. Code § 28-3904(q) by failing to provide Ms.

McMullen with the following documents she requested that would validate the Unauthorized

Lines of Credit and Unauthorized Charges:

> a. Defendant Chase Health Advance failed to supply Ms. McMullen with a copy of a sales or service contract in relation to the charge by Bullen Wellness in the amount of $1,000.00 on September 21, 2011.
>
> b. Defendant Chase Health Advance failed to supply Ms. McMullen with a purchase acknowledgement or sales authorization in relation to the charge by Bullen Wellness in the amount of $1,000.00 on September 21, 2011.
>
> c. Defendant Chase Health Advance failed to supply Ms. McMullen with a purchase verification receipt in relation to the charge by Bullen Wellness in the amount of $1,000.00 on September 21, 2011.
>
> d. Defendant GE Capital failed to supply Ms. McMullen with a copy of the application for the Unauthorized Line of Credit obtained by Bullen Wellness on or about September 21, 2011.
>
> e. Defendant GE Capital failed to supply a copy of a promissory for the Unauthorized Line of Credit obtained by Bullen Wellness on or about September 21, 2011.
>
> f. Defendant GE Capital failed to supply Ms. McMullen with a copy of a sales or service contract in relation to the charge by Bullen Wellness in the amount of $7,500.00 on September 21, 2011.
>
> g. Defendant GE Capital failed to supply Ms. McMullen with a purchase acknowledgement or sales authorization in relation to the charge by Bullen

15

Wellness in the amount of $7,500.00 on September 21, 2011.

46.     Defendant Banks further violated § 28-3904(e) of the CPPA by misrepresenting that it would provide Ms. McMullen with copies of the documents she requested. This material fact misled Ms. McMullen that the fraudulent claims were being investigated by Defendant Banks.

47.     Moreover, Defendant Banks violated D.C. Code § 28-3904(e) by misrepresenting the material fact that Ms. McMullen was required to pay Defendant Banks for the Unauthorized Charges despite the fact that the charges were fraudulent and Defendant Banks could not substantiate the charges.

48.     In addition, Defendant Banks violated D.C. Code § 28-3904(p) by falsely stating to Ms. McMullen that the Unauthorized Charges by Bullen Wellness had been validly made by Bullen Wellness, despite the fact that Defendant Banks did not have any documentation to support the charges.   Based on these false statements, Defendant Banks received renumuneration for the Unauthorized Charges.

49.     Defendant Banks violated D.C. Code § 28-3904(e-1) by misrepresenting to Ms. McMullen that the fraudulent transactions made by Defendants Bullen and Steward conferred a right on Defendant Banks, and a corresponding obligation on Ms. McMullen, that Ms. McMullen was required to pay Defendant Banks regardless if the transactions were fraudulent.

50.     Furthermore, Defendant Banks violated D.C. Code § 28-3904(b) by representing that the services provided by One World Fitness had the sponsorship, approval, status, affiliation, certification, or connection with the health care financing option provided by Defendant Banks when they did not in fact.  In fact, One World Fitness was not an eligible provider of health care financing through Defendant Banks.

16

51.     Defendant Banks violated D.C. Code § 28-3904(u) by representing that Plaintiff received goods and/or services from Bullen Wellness on September 21, 2011, and thus charging Plaintiff for those goods and services, when Plantiff had never received any goods or services from Bullen Wellness.

52.     WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief in the form of a judgment against Defendants awarding (1) compensatory damages; (2) treble damages; (3) costs and attorney's fees; (4) punitive damages and (5) any other relief the Court deems proper.

**COUNT II**
**Unlawful Trade Practices under the D.C. Consumer Protection Procedures Act**
**(Defendants Bullen and Steward)**

53.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

54.     Defendants Bullen and Steward violated § 28-3904(e) of the CPPA by misrepresenting that Ms. McMullen could cancel her gym membership at any time for a refund. This misrepresentation of a material fact misled Ms. McMullen into purchasing a gym membership.

55.     Defendants Bullen and Steward violated § 28-3904(f) of the CPPA by failing to state the material fact Defendants Bullen and Steward were obtaining the Unauthorized Lines of Credit on Ms. McMullen's behalf with Defendant Banks with the intent to mislead Ms. McMullen.

56.     Defendants Bullen  and Steward further violated § 28-3904(f) of the CPPA by failing to state the material fact that Defendants Bullen and Steward were processing the Unauthorized Charges against the Unauthorized Lines of Credit to Ms. McMullen's detriment.

57.     Defendants Bullen and Steward violated § 28-3904(r) of the CPPA by making the

17

unconscionable sales transaction of obtaining the Unauthorized Lines of Credit on Ms.

McMullen's behalf, without her knowledge, and then processing the Unauthorized Charges

against those Unauthorized Lines of Credit.

58.     Furthermore, Defendants Steward and Bullen violated D.C. Code § 28-3904(b) by

representing that the services provided by One World Fitness had the sponsorship, approval,

status, affiliation, certification, or connection with the health care financing option provided by

Defendant Banks when they did not in fact.  In fact, One World Fitness was not an eligible

provider of health care financing through Defendant Banks.

59.     WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated,

prays for relief in the form of a judgment against Defendants awarding (1) compensatory

damages; (2) treble damages; (3) costs and attorney's fees; (4) punitive damages and (5) any

other relief the Court deems proper.

## COUNT III
### Common Law Fraud and
### Conspiracy to Commit Fraud
### (All Defendants)

60.     The Plaintiff realleges and incorporates by reference the allegations contained in

the preceding paragraphs of this Complaint as if fully set forth herein.

61.     Defendants Bullen and Steward willfully omitted the material facts that they were

obtaining the Unauthorized Lines of Credits on behalf of Ms. McMullen, and then willfully

omitted that they were making the Unauthorized Charges against the Unauthorized Lines of

Credit.  Defendants Bullen and Steward had knowledge of their willful omission, because they

never obtained Ms. McMullen's authorization to obtain the Unauthorized Lines of Credit or to

process the Unauthorized Charges, and intentionally tried to conceal these material facts.  Ms.

McMullen relied upon theses willful omissions, believing that Defendant Steward was cancelling

18

her membership rather than charging for an additional year of services. As a result of Ms. McMullen's reliance upon Defendant Bullen's and Steward's willful omission, Ms. McMullen suffered substantial damage.

62.     Defendant Banks participated in the fraudulent scheme by providing financing for One World Fitness customers based upon fraudulent credit applications.   Defendant Banks further participated in the scheme by processing fraudulent payments to Bullen Wellness on behalf of One World Fitness Customers for services that Bullen Wellness never supplied.

63.     In addition, Defendant Bullen and Defendant Steward maliciously conspired together  with Defendants bank to engage in a conspiracy with the unlawful objective to commit fraud as outlined in this complaint.

64.     Defendant Bullen, Defendant Steward, and Defendant Banks understood and implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiff as described herein the Complaint

65.     Defendant Bullen committed the following overt acts in furtherance of the conspiracy to commit fraud:

      a.     Used his chiropractor business to obtain health care financing for One World Fitness customers;

      b.     Processed applications for One World Fitness customers to obtain health care financing from Defendant Banks;

      c.     Accepted payments from Defendant Banks made on behalf of One World Fitness customers; and

      d.     Provided free chiropractic screenings to One World Fitness customers.

66.     Defendant Steward committed the following overt acts in furtherance of the conspiracy to commit fraud:

      a.     Offered One World Customers the option of paying for services through

19

health care financing obtained from Defendant Banks;

b.      Collected personal information from One World Fitness Customers for the purpose of completing fraudulent applications for health care financing with Defendant Banks on behalf of One World Fitness Customers; and,

c.      Processed applications for One World Fitness customers to obtain health care financing from Defendant Banks.

67.    Defendant Banks committed the following overt acts in furtherance of the conspiracy to commit fraud:

a.      Provided payments to Bullen Wellness for services for services never provided by Bullen Wellness;

b.      Processed fraudulent financing applications for health care financing;

c.      Provided health care financing to One World Fitness customers who never requested health care financing;

d.      Provided health care financing to One World Fitness customers who did not authorize the health care financing;

e.      Charged One World Fitness customers for services that were never provided by One World Fitness;

f.      Processed unauthorized charges made by One World Fitness;

g.      Refused to reverse unauthorized charges made by One World Fitness; and,

h.      Failed to provide One World Fitness customers of documentation relating to the disputed charges.

68.    One World Fitness and Bullen Wellness were shell limited liability companies that Defendants utilized as instrumentalities to further their fraudulent scheme to defraud One World Fitness Customers.

69.    As a result of Defendants' fraud and conspiracy to commit fraud, Plaintiff was caused to suffer severe damages.

70.    WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief in the form of a judgment awarding compensatory damages and any other relief

the Court deems proper.

## COUNT IV
### Conversion
### (Defendants Bullen and Steward)

71.     The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

72.     Defendants Bullen and Steward wrongfully took possession of Ms. McMullen's personal information and financial information in order fraudulently obtain a line of credit with Defendant Banks on behalf of Ms. McMullen.

73.     After fraudulently obtaining the Unauthorized Lines of Credit, Defendants Bullen and Steward wrongfully took possession of $8,500.00 of Plaintiff's money by making the Unauthorized Charges against the fraudulently obtained Unauthorized Lines of Credit with Defendant Banks.

74.     At all times relevant, Plaintiff had a right to control the Unauthorized Lines of Credit issued in her name (even though the lines  were obtained by Defenants' fraudulent means) and the corresponding credit extended to Plaintiff through the Unauthorized Lines of Credit.

75.     Defendants Bullen and Steward intentionally and substantially interfered with Plaintiff's property interests, and deprived Plaintiff of her property interest, by fraudulently using Plaintiff's personal information to obtain the Unauthorized Lines of Credit.

76.     Plaintiff did not consent or authorize Defendants Bullen or Steward to make the Unauthorized Charges made by Defendants.

77.     Defendants Bullen and Steward have refused to return the $8,500.00 to Plaintiff despite Plaintiff's repeated demand for a return of the money.

78.     Plaintiff's credit has also been severely damaged as a result of Defendant's conduct.

79.     WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated,

prays for relief in the form of a judgment awarding compensatory damages and any other relief

the Court deems proper.

## COUNT V
## Breach of Contract and
## Breach of Good Faith and Fair Dealing
## (Defendants Bullen, Steward, and One World Fitness)

80.     Plaintiff realleges and incorporates by reference the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

81.     In December 2010, Ms. McMullen entered into a contract with One World Fitness

when she renewed her membership at One World Fitness.  Specifically, Ms. McMullen

purchased an additional one-hundred and fifty (150) training sessions at $8,050.00.  As part of

the contract, Defendant Steward stated that Ms. McMullen could cancel the membership at any

time and get a refund for the unused training sessions.

82.     On or about September 23, 2011, Ms. McMullen cancelled her membership and

requested a refund in the amount $2,210.00.

83.     Despite several assurances that Ms. McMullen would receive the refund pursuant

to her agreement with One World Fitness, Defendants One World Fitness breached the agreement

by failing to refund the money owed to Ms. McMullen.

84.     As a direct result of the breach of contract and implied duty of good faith and fair

dealing, Plaintiff was caused to suffer severe damages.

85.     As set forth in Paragraph 32 *supra*, the refusal by Defendants Bullen, Steward,

and One World Fitness to comply with their refund policy was common and typical among

numerous other One World Fitness Customers.

86.     WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated,

22

prays for relief in the form of a judgment awarding compensatory damages and any other relief
the Court deems proper.

**COUNT VI**
**Alter Ego**
**(Defendants Bullen, Steward, One World Fitness,**
**Washington Chiropractic, and Bullen Wellness)**

87.     The Plaintiff realleges and incorporates by reference the allegations contained in
the preceding paragraphs of this Complaint as if fully set forth herein

88.     Plaintiff entered into an agreement with One World Fitness—a limited liability
company whose corporate status had been revoked, and which was severely undercapitalized.

89.     At all times relevant hereto, Defendants Bullen and Steward were the owners of
One World Fitness.  One World Fitness was one of several shell limited liability companies that
Defendants utilized as instrumentalities to further their fraudulent scheme to defraud One World
Fitness Customers.  The other shell limited liability companies operated by Defendants Bullen
and Steward were Bullen Wellness and Washington Chiropractic.

90.     Upon information and belief, Bullen Wellness was a shell entity used as a proxy
for no purpose other than to fraudulently obtain medical care financing.  Bullen Wellness was
only able to obtain financing for medical care, because its owner, Defendant Wayne Bullen, was
a chiropractor.  Bullen Wellness did not provide chiropractor services, however, but instead was
used solely to fraudulently obtain medical care financing for the customers of One World Fitness.
Defendants Bullen and Steward were able to obtain the Unauthorized Lines of Credit on behalf
of Ms. McMullen by acting through Bullen Wellness.  Defendants Bullen and Steward, acting
through Bullen Wellness, also fraudulently charged Ms. McMullen $8,500.00 without her
authorization and for services that Bullen Wellness never provided to Ms. McMullen.

91.     Upon information and belief, Washington Chiropractic was an entity also

23

employed by Defendants Bullen and Steward to fraudulently obtain health care financing for

One World Fitness customers. Specifically, the One World Fitness contract for Chase Health

Advance identifies Dr. Wayne Bullen of Washington Chiropractic as an affiliate of One World

Fitness, although One World Fitness did not provide any chiropractor services.

92.     Upon information and belief, Defendants Bullen, Steward, One World Fitness,

Washington Chiropractic, and Bullen Wellness commingled the funds and assets of One World

Fitness with the funds and assets of each of the foregoing entities.

93.     The corporate status for Bullen Wellness, One World Fitness, and Washington

Chiropractic have all been revoked by the District of Columbia

94.     During the entire relevant period, Defendants Bullen and Steward:  (1)

commingled the funds and assets of One World Fitness with the personal funds and assets of

Defendants Bullen and Steward and the funds and assets of Bullen Wellness and Washington

Chiropractic; (2) undercapitalized One World Fitness; and (3) otherwise failed to adhere to the

requisite boundaries of maintaining separate business entities under District of Columbia Law.

95.     Accordingly, Plaintiff, on behalf of herself and all others similarly situated, seeks

to have this Court pierce the corporate veil of One World Fitness, Bullen Wellness, and

Washington Chiropractic to find that the foregoing entities are the alter ego of each other and of

both Defendant Bullen and Defendant Steward, and hold all Defendants jointly and severally

liable.

## COUNT VII
## Punitive Damages
## (All Defendants)

96.     Plaintiff realleges and incorporates by reference the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

97.     Defendants Bullen's and Stewards' individual and collective conduct in

24

knowingly and intentionally obtaining the Unauthorized Lines of Credit and then billing against

those Unauthorized of Credit, without authorization for work that was never performed was

egregious, grossly fraudulent, and purposeful conduct meant to benefit Defendants at the expense

of Plaintiff. This conduct demonstrates a willful disregard for Plaintiff's rights and demonstrates

an intent to injure. In addition, Defendants Bullen's and Steward's continuing failure to admit to

their mistakes, and their unwillingness to rectify the harm they caused to Plaintiff, warrants

punitive damages under the CPPA.

98.     Similarly, Defendant Banks' individual and collective conduct in aggressively

pursuing the fraudulent debts allegedly owed by Ms. McMullen, despite having been notified by

Ms. McMullen and the Office of the Attorney General that the debts were fraudulent is egregious,

wanton and purposeful conduct meant to benefit Defendant Banks at the expense of Plaintiff.   In

addition, Defendant Banks' continued pursuit of the alleged debt after the Defendant Banks were

unable to provide documentation to validate the debt warrants punitive damages under the CPPA.

99.     WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated,

prays for relief in the form of a judgment awarding punitive damages, attorney's fees, costs and

any other relief the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants

awarding punitive damages and any other relief the Court deems proper and just. Plaintiff, on

behalf of herself and all others similarly situated, prays for judgment against Defendants as

follows:

> (a)     Awarding actual compensatory damages for Defendants' unlawful trade
> practices, fraud, conspiracy to commit fraud, and  breach of contract;

> (b)     Trebling compensatory damages pursuant to the D.C. Consumer
> Protection Procedures Act;

25

(c)     Awarding costs and attorney's fees pursuant to the D.C. Consumer Protection Procedures Act;

(d)     Awarding punitive damages for Defendants' fraud, outrageous, wanton, malicious and reckless conduct with no regard for the damage it would cause to Plaintiff; and,

(e)     Awarding additional relief as may be necessary to restore to One World Fitness customers money or property, real or personal, which may have been acquired by means of the unlawful trade practices pursuant to the D.C. Consumer Protection Procedures Act.

## JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

_____/s/ Brendan Klaproth_____
Brendan Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2014, a true and correct copy of the foregoing Amended Complaint was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served upon all Defendants along with the original Complaint, the summons, and the initial order pursuant to Rule 4.

Respectfully submitted,

_____/s/ Brendan Klaproth_____
Brendan Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*