UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE MCMULLEN, individually and on behalf of others similarly situated,

    Plaintiff,

        v.

SYNCHRONY BANK, et al.,

    Defendants.

Civil Action No. 14-1983 (JDB)

## MEMORANDUM OPINION & ORDER

After a period of Court-ordered jurisdictional discovery, plaintiff Valerie McMullen's renewed motion for remand hinges upon the answer to one question: were more than two-thirds of her proposed class citizens of the District of Columbia at the time this case became removable to federal court? If the answer is yes, then her action is a local controversy that must be litigated in the District of Columbia Superior Court, where it was originally filed. McMullen urges the Court to find this standard met and remand her case or, in the alternative, prolong the period for jurisdictional discovery. But the Court will do neither. McMullen has failed to show that more than two-thirds of the proposed class were citizens of the District of Columbia at the relevant time and, in the Court's view, additional discovery would likely be unhelpful. McMullen's renewed motion for remand will therefore be denied.

## BACKGROUND

McMullen brought this action in Superior Court against two individuals (Wayne Bullen and Karim Steward), three of their companies (Bullen Wellness, Washington Chiropractic, and One World Fitness), and two banks (Synchrony Bank and JP Morgan Chase) for their alleged

participation in a fraudulent scheme involving lines of healthcare-related credit. See Compl. [ECF No. 1-1] at 2–3. After McMullen amended her initial complaint to add class allegations, see Am. Compl. [ECF No. 1-2] at 14–15, Chase removed the case to this Court, see Notice of Removal [ECF No. 1]. McMullen responded with a motion to remand, arguing that the Court lacked jurisdiction and that, even if it had jurisdiction, it would be barred from exercising jurisdiction by the local controversy exception to the Class Action Fairness Act. See Pl.'s Mot. for Remand [ECF No. 12-1]. In a prior Memorandum Opinion, the Court concluded that CAFA affords it jurisdiction over this case and that all but one of the local controversy elements is satisfied. See McMullen v. Synchrony Bank, 2015 WL 632212 (D.D.C. Feb. 13, 2015). But because the Court was unable to discern whether two-thirds of the putative class members were District of Columbia citizens, it reserved final judgment on whether the local controversy exception applies and ordered limited jurisdictional discovery focused on that issue. See id. at *7.

The Court's discovery Order instructed Synchrony and Chase to submit declarations to McMullen indicating the total number of accounts opened through Bullen, Steward, and their affiliated companies; the date each account was opened; and the name and last known address associated with each. See Mar. 18, 2015 Order [ECF No. 35] at 2. They were also ordered to produce a copy of each named individual's driver's license "to the extent such documents [were] already in their possession." Id. The Order required the rest of the defendants to produce a copy of the driver's license for each customer who had received healthcare financing from the banks, and "[a]ny other document" relating to those customers' last known addresses. See id. at 1–2. In the intervening months, Synchrony and Chase have provided declarations identifying the last known addresses for 892 putative class members. See Pl.'s Renewed Mot. for Remand [ECF No. 52-1] (Pl.'s Renewed Mot.) at 6. Wayne Bullen, Bullen Wellness, and Washington Chiropractic

(the Bullen defendants) have produced the "patient records for ninety-three . . . putative class members," all of whom were included in the banks' declarations. Id. at 5–6. But Karim Steward and One World Fitness (the Steward defendants) have "failed to produce a single document." Id. at 7. None of the defendants have produced driver's licenses.

In her renewed motion, McMullen argues that the evidence produced so far weighs in favor of remand to Superior Court under the local controversy exception. See Pl.'s Renewed Mot. at 5. But in the event the Court disagrees, McMullen asks it to reserve judgment on her motion until additional discovery has been obtained from the Steward defendants. See id.

## DISCUSSION

The Class Action Fairness Act requires federal courts to decline jurisdiction over proposed class actions that fall within the local controversy exception. See McMullen, 2015 WL 632212, at *3. That exception applies only to actions in which "greater than two-thirds of the members of all proposed plaintiff classes . . . are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(I). As the party seeking to invoke the local controversy exception, McMullen bears the burden of proving by a preponderance of the evidence that the exception applies. See McMullen, 2015 WL 632212, at *3. The Court "may consider pleadings as well as evidence" when deciding whether McMullen has met her burden. Vodenichar v. Halcon Energy Props., Inc., 733 F.3d 497, 503 n.1 (3d Cir. 2013).

Here, the most comprehensive evidence comes from Synchrony and Chase. Their declarations provide the last known addresses for 892 putative class members, see Pl.'s Renewed Mot. at 5, all of whom had accounts opened through either Bullen Wellness or Washington Chiropractic, see Henry Decl. [ECF No. 53-1] at 1–2; Smith Decl. [ECF No. 53-2] at 2. And McMullen concedes that—even after resolving eight inconsistencies between the declarations and

patient records in favor of finding D.C. citizenship—only sixty percent of these individuals were last linked to a District of Columbia address. See Pl.'s Renewed Mot. at 6. This evidence thus tends to show that the local controversy exception does not apply.

Unsurprisingly, however, McMullen points to a different source in support of her motion for remand: the Bullen defendants' patient records. These records include addresses for ninety-three of the individuals named in the declarations; eighty percent are located in the District of Columbia. See id. at 5. In McMullen's view, the patient records represent the only "verifiable documentation of the citizenship of putative class members" and therefore "establish a sufficient basis for the Court to remand this case under the local controversy exception." Id. By making this argument, of course, McMullen also implies that the evidence provided by Synchrony and Chase cannot be relied upon. She touches on that theme again when she notes that the banks have not provided driver's licenses for the putative class members—"[d]espite the explicit order from the Court," and despite Chase's representation that driver's licenses were sometimes used to verify credit applicants' identities. Id. at 2–3.

The Court rejects McMullen's implication that it must choose between the declarations and the patient records; indeed, the two sources of evidence are broadly consistent. But all else being equal, because the declarations include almost ten times as many putative class members, they are likely to provide a more accurate assessment of the class's composition. See Schmid v. Frosch, 680 F.2d 248, 249 n.4 (D.C. Cir. 1982) ("Small samples tend to be less reliable than large samples because of instability and variability caused by unrepresentative samples, measurement error, random selection, and [other factors]."). And McMullen's insinuations are ultimately insufficient to cast doubt on the declarations' reliability. In the first place, McMullen has not adequately explained her conclusory statement that the patient records are more "verifiable" than the

declarations. Nor has she spelled out why the declarations' evidentiary value should be undermined by the fact that Synchrony and Chase have not produced any driver's licenses. In any event, there is a perfectly reasonable explanation for that omission. The Order that McMullen invokes instructed the banks to produce driver's licenses only "to the extent such documents [were] already in their possession." Mar. 18, 2015 Order at 2. Chase, for its part, has explained that it did not obtain driver's licenses in its ordinary course of business because it relied on health care providers—here, the Bullen and Steward defendants—to verify applicants' identities. See Evans Decl. [ECF No. 53-3] at 2. And McMullen has offered no reason to doubt Synchrony's representation that it does not possess copies of the class members' driver's licenses either. See Smith Decl. at 2. Hence, McMullen's first arguments fail.

McMullen also implies that certain inconsistencies between the patient records and the declarations weigh against the declarations' credibility. By her count, there are ninety-three individuals included in both productions; for eight of those, the last known addresses included in the respective productions are contradictory. See Pl.'s Renewed Mot. at 6. Yet these inconsistencies do not automatically undermine the declarations, any more than they undermine the patient records. In theory, there may be principled reasons to resolve the contradictions uniformly in favor of the patient records. But not only has McMullen failed to provide any such reasons, she has elected to resolve the contradictions by an altogether different method: by merely adopting the District of Columbia address in each case, regardless of its source. See Pl.'s Renewed Mot. at 6 n.2 ("The D.C. address was considered in determining the citizenship of these eight individuals."). Of course, the Court cannot adopt such a results-oriented resolution. In the absence of a better interpretation by McMullen, the identified inconsistencies at most put the evidence with respect to the eight individuals in equipoise. And as the proponent of the local controversy

exception, McMullen "bears the risk of nonpersuasion on the contested factual assertions that are pertinent to the [exception's applicability]." Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 682 (7th Cir. 2006).

In the end, McMullen has failed to offer evidence showing that more than two-thirds of the class members were District of Columbia citizens. For the vast majority of the class members, the record provides a single address that there is no reason to reject. For eight class members, the record is inconsistent. But even assuming that each of these individuals was a D.C. resident, McMullen falls significantly short of the two-thirds threshold. Simply excluding them from the calculation puts her even farther from the mark. Hence, there is no avenue by which McMullen could meet her burden with the record before the Court.

Moreover, McMullen falls short of her burden in another respect: even if she could show that more than two-thirds of the proposed class members maintained District of Columbia addresses at the time the various records were collected, she would struggle to show that this was true at the time relevant under the statute. When determining whether the local controversy exception applies, courts must assess class members' citizenship "as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7). Here, McMullen's pleadings first indicated the existence of federal jurisdiction on October 31, 2014, when she amended her initial complaint to add class allegations. See Am. Compl. at 14–15. But by that point, much of the evidence underlying the declarations had grown somewhat stale. See Henry Decl. at 4–11 (reflecting accounts opened at Chase between November 2008 and April 2012); id. at 2 (explaining that, for all but twelve Chase customers, the date associated with their

last known addresses is August 2013 or earlier); Smith Decl. at 3–14 (reflecting accounts opened at Synchrony between February 2005 and November 2014).[1] Many of the class members may have moved between the time when their addresses were recorded and the time when McMullen initiated her class action. And as the party responsible for proving that the local controversy exception applies, McMullen has the burden of grappling with this uncertainty. See Hart, 457 F.3d at 682. She has failed to do so.[2]

McMullen's final argument is that the Court should not deny her renewed motion until she has obtained jurisdictional discovery from the Steward defendants, who "were the responsible parties for issuing the unauthorized lines of credit." Pl.'s Renewed Mot. at 7. In her view, such discovery is likely to resolve the inconsistencies between the patient records and declarations. See id. McMullen proposes that the Court order the Steward defendants to comply with the prior discovery orders and make a corporate representative available for deposition. Additionally, she requests that the Court issue a subpoena to the person in possession of One World Fitness's now-closed gym, so that she can obtain any files and computers that are still there. See id.

The Court is sympathetic to McMullen's request, but will not issue those orders. As a general matter, jurisdictional discovery "is justified only if the plaintiff reasonably demonstrates that it can supplement its jurisdictional allegations through discovery." Kopff v. Battaglia, 425 F. Supp. 2d 76, 89 (D.D.C. 2006) (internal quotation marks omitted). Here, the Court has difficulty seeing how additional discovery could help McMullen prove that the local controversy exception applies. In the first place, it is not at all clear whether any files or computers remain at the gym.

---

[1] The record provides no information about when the patient records were compiled and updated.

[2] Some courts have examined class members' citizenship at the time of removal when applying CAFA jurisdictional exceptions to class actions originally filed in state court. See, e.g., Myrick v. WellPoint, Inc., 764 F.3d 662, 665 (7th Cir. 2014) (To prove that an exception to CAFA jurisdiction applied, "plaintiffs needed to produce some evidence that would allow the court to determine the class members' citizenships on the date the case was removed."). But McMullen fares no better under this rule. Indeed, because McMullen's action was removed almost a month after it became removable, her burden under the time-of-removal rule is slightly heavier.

But even assuming that some do, one would expect their contents to be broadly consistent with the information in the declarations. After all, the banks' records were based on the information supplied by the Bullen and Steward defendants. <u>See</u> Evans Decl. at 2 ("It was a customary practice for health care providers to submit applications electronically through [Chase's] online system."); <u>see also</u> Am. Compl. at 2–3 ("Defendants Bullen and Steward took out lines of credit on behalf of Plaintiff . . . ."). Indeed, the address information in the Bullen defendants' patient records is a greater than ninety percent match with that in the banks' declarations. And even assuming limited inconsistencies between Steward's files and the banks' declarations, McMullen would have to explain why these inconsistencies should be resolved in favor of District of Columbia citizenship. <u>See</u> <u>supra</u> at 5. To this point, she has offered no persuasive arguments on that subject. Hence, the Court will close the period of jurisdictional discovery and deny McMullen's motion for remand.[3]

## ORDER

Upon consideration of [52] plaintiff's renewed motion for remand, [53] defendants' opposition, [54] plaintiff's reply, and the entire record herein, and for the reasons stated in this Memorandum Opinion & Order, it is hereby

**ORDERED** that [52] plaintiff's renewed motion for remand is **DENIED**; and it is further

**ORDERED** that a status conference shall be set for September 28, 2015, at 9:30 in Courtroom 30A.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: September 8, 2015

---

[3] None of this serves to exonerate the Steward defendants for their apparent disregard of their obligations in this matter. The Court expects their full engagement moving forward.