UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE MCMULLEN | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action No. 14-1983-JDB |
| | ) |
| SYNCHRONY BANK, *et. al.* | ) |
| | ) |
|     Defendants. | ) |

DEFENDANTS KARIM STEWARD AND ONE WORLD FITNESS
<u>ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>

COMES NOW Defendants Karim Steward and One World Fitness LLC, and hereby submit their Answer to Plaintiff Valerie McMullen's Amended Complaint.  For their Answer, Mr. Steward and One World Fitness LLC state the following:

1. Defendants Steward and One World Fitness deny the allegations in ¶ 1 that pertain to actions taken by Defendants Steward and One World Fitness; to the extent that these allegations are reiterated later in the Amended Complaint, Defendants Steward and One World Fitness address facts in the paragraph where they are specifically raised.  Defendants Steward and One World Fitness do not have sufficient information to address the statements regarding Defendants Bullen and Banks.
2. Defendants Steward and One World Fitness admit the allegations in ¶ 2.
3. Defendants Steward and One World Fitness admit the allegations in ¶ 3.
4. Defendants Steward and One World Fitness admits the allegations in ¶ 4
5. Defendants Steward and One World Fitness do not have the requisite knowledge or information to admit, and thus deny ¶ 5.
6. Defendants Steward and One World Fitness do not have the requisite knowledge or information to admit, and thus deny ¶ 6.
7. Defendants Steward and One World Fitness do not have the requisite knowledge or information to admit, and thus deny ¶ 7.
8. Defendants Steward and One World Fitness deny the allegations in ¶8. Defendants Steward and One World Fitness denies that Defendant Bullen was a principle owner of One World Fitness and affirmatively state that Defendant Bullen was affiliated with One World Fitness only through Bullen Wellness.  Defendants Steward and One World Fitness deny all allegations of a conspiracy to commit fraud with Defendant Bullen, and affirmatively state that neither Defendant Steward nor Defendant One World Fitness had any intent to deceive any One World Fitness customer. Defendants Steward and One World Fitness do not have the requisite knowledge or

information to admit to Defendant Bullen's state of residence, principle place of business, or Defendant Bullen's state of mind or intent.

9. Defendants Steward and One World Fitness deny in part and admit in part the allegations contained in ¶ 9.  Defendant Steward denies that he lives in Maryland and affirmatively states that he lives in the District of Columbia.  Defendants Steward and One World Fitness deny any allegation of conspiracy or scheme to defraud.  Defendant Steward admits that he was the principle owner of One World Fitness and Bullen Wellness.
10. Defendants Steward and One World Fitness admit in part and deny in part.  Defendant Steward and One World Fitness admit that One World Fitness was a business operated in the District of Columbia, and organized as a limited liability company in the District of Columbia.  Defendant Steward and One World Fitness deny that Defendant Bullen was ever a principle of One World Fitness or that One World Fitness was an alter ego of Defendant Bullen.
11. Defendants Steward and One World Fitness deny the allegations contained in ¶11.
12. Defendant Steward denies the allegation that Washington Chiropractic was his alter ego, and affirmatively states that he took no actions on behalf of Washington Chiropractic and received no financial benefit from Washington Chiropractic.  Defendants Steward and One World Fitness do not have sufficient information to admit the remaining allegations contained in ¶ 12, and therefore deny.
13. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 13, and therefore deny.
14. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 14, and therefore deny.
15. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 15, and therefore deny.
16. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 16, and therefore deny.
17. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 17, and therefore deny.
18. Defendants Steward and One World Fitness deny the allegations in ¶ 18 and affirmatively state that Defendants Steward and One World Fitness obtained no unauthorized lines of credit and made no unauthorized charges.
19. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 19, and therefore deny.
20. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 20, and therefore deny.
21. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 21, and therefore deny.
22. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 22, and therefore deny.
23. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 23, and therefore deny.
24. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 24, and therefore deny.

25. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 25, and therefore deny.
26. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 26, and therefore deny.
27. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 27, and therefore deny.
28. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 28, and therefore deny.
29. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 29, and therefore deny.
30. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 30, and therefore deny.
31. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 31, and therefore deny.
32. Defendants Steward and One World Fitness deny all allegations in ¶ 32, and affirmatively state that they did not have a scheme to defraud any customers with Defendants Bullen, Bullen Wellness, or Washington Chiropractic.
33. Defendants Steward and One World Fitness admit in part and deny in part the allegations contained in ¶ 33. Defendants Steward and One World Fitness admit that the post was made. However, Defendants Steward and One World Fitness deny the veracity of the statement. Additionally, Defendants Steward and One World Fitness do not have sufficient information to verify the identity of the poster, and so deny the statement.
34. Defendants Steward and One World Fitness admit in part and deny in part the allegations contained in ¶ 34. Defendants Steward and One World Fitness admit that the post was made. However, Defendants Steward and One World Fitness deny the veracity of the statement. Additionally, Defendants Steward and One World Fitness do not have sufficient information to verify the identity of the poster, and so deny the statement.
35. Defendants Steward and One World Fitness admit in part and deny in part the allegations contained in ¶ 35. Defendants Steward and One World Fitness admit that the post was made. However, Defendants Steward and One World Fitness deny the veracity of the statement. Additionally, Defendants Steward and One World Fitness do not have sufficient information to verify the identity of the poster, and so deny the statement.
36. Defendants Steward and One World Fitness admit in part and deny in part the allegations contained in ¶ 36. Defendants Steward and One World Fitness admit that the post was made. However, Defendants Steward and One World Fitness deny the veracity of the statement. Additionally, Defendants Steward and One World Fitness do not have sufficient information to verify the identity of the poster, and so deny the statement.
37. Defendants Steward and One World Fitness admit in part and deny in part the allegations contained in ¶ 37. Defendants Steward and One World Fitness admit that the post was made. However, Defendants Steward and One World Fitness deny the veracity of the statement. Additionally, Defendants Steward and One World Fitness do not have sufficient information to verify the identity of the poster, and so

deny the statement.  Defendant Steward does not have sufficient information to identify the text message, and so denies the allegations contained therein.
38. Defendants Steward and One World Fitness deny the allegations in ¶ 38.  At no time did Defendants Steward or One World Fitness take any action meant to defraud customers.  Defendants Steward and One World Fitness lack sufficient knowledge or information to admit to any action or intent taken by Defendant Bullen, and therefore deny.
39. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 39, and therefore deny.
40. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 40, and therefore deny.
41. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 41, and therefore deny.
42. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 42, and therefore deny.
43. Defendants Steward and One World Fitness deny the allegation in ¶ 43 that there was a common scheme to defraud One World Fitness customers, and affirmatively state that there was no intent to defraud.
44. Defendants Steward and One World Fitness deny the allegation in ¶44 that Ms. McMullen can adequately represent the interests of the class because there are affirmative defenses that can be raised specifically against Ms. McMullen.
45.  Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 45, and therefore deny.
46.  Defendants Steward and One World Fitness deny the allegations contained ¶ 46 because it draws a legal conclusion and mischaracterizes One World Fitness and Mr. Steward's conduct as illegal.
47. Defendants Steward and One World Fitness reassert and incorporate by reference the answers set forth in paragraphs 1 through 46 as if fully set forth herein.
48. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 48, and therefore deny.
49.  Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 49, and therefore deny.
50. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 50, and therefore deny.
51. 46.    Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 51 and therefore deny.
52. 47.    Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 52, and therefore deny.
53.  Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 53, and therefore deny.
54.  Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 54, and therefore deny.
55.  Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 55 and therefore deny.
56. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 56, and therefore deny.

57. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 57, and therefore deny.
58. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 58, and therefore deny.
59. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 59, and therefore deny.
60. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 60, and therefore deny.
61. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 61, and therefore deny.
62. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 62, and therefore deny.
63. Defendants Steward and One World Fitness believe that ¶ 63 of Plaintiff's Amended Complaint is unnecessarily numbered and is actually a prayer for relief. To the extent that ¶ 63 is construed to contain any factual allegations, the Defendants Steward and One World Fitness deny all allegations contained therein.
64. Defendants Steward and One World Fitness reassert and incorporate by reference the answers set forth in paragraphs 1 through 63 as if fully set forth herein.
65. Defendants Steward and One World Fitness deny the allegations in ¶ 65, and affirmatively state that Ms. McMullen was advised of the cancellation policy, was advised of the financing information, and was advised that the financing was through a different company—namely Chase Health Advantage.
66. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 66, and therefore deny.
67. Defendants Steward and One World Fitness deny the allegations in ¶67 and affirmatively state that they did not obtain any unauthorized line of credit on behalf of Ms. McMullen.
68. Defendants Steward and One World Fitness deny the allegations in ¶ 68 and affirmatively state that they did not make any unauthorized charges against the unauthorized lines of credit.
69. Defendants Steward and One World Fitness deny the allegations in ¶ 69 and affirmatively state that they did not make any unauthorized charges against the unauthorized lines of credit.
70. Defendants Steward and One World Fitness deny the allegations contained in ¶ 70.
71. Defendants Steward and One World Fitness believe that ¶ 71 of Plaintiff's Amended Complaint is unnecessarily numbered and is actually a prayer for relief. To the extent that ¶ 71 is construed to contain any factual allegations, the Defendants Steward and One World Fitness deny all allegations contained therein.
72. Defendants Steward and One World Fitness reassert and incorporate by reference the answers set forth in paragraphs 1 through 72 as if fully set forth herein.
73. Defendants Steward and One World Fitness deny the allegations in ¶ 73 and affirmatively state that they did not make any unauthorized charges against the unauthorized lines of credit, nor did Defendants Steward and One World Fitness take out any unauthorized lines of credit.
74. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations in ¶ 74, and therefore deny.

75. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations in ¶ 75 and therefore deny.
76. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations in ¶ 76 and therefore deny.
77. Defendants Steward and One World Fitness deny the allegation in ¶77, and affirmatively state that they did not engage in any conspiracy with the Defendant Banks or with Defendant Bullen.
78. Defendants Steward and One World Fitness deny the allegation in ¶ 78, and affirmatively state that they did not engage in any conspiracy with the Defendant Banks or with Defendant Bullen.
79. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations in ¶ 79 and therefore deny.
80. Defendants Steward and One World Fitness admit in part and deny in part the allegations contained in ¶ 80. Defendants Steward and One World Fitness admit that One World Fitness customers were offered the option of paying through healthcare financing. Defendant Steward admits that he processed applications for One World Fitness customers to obtain healthcare financing and collected personal information as required to process those applications. Defendants Steward and One World Fitness deny that the applications were completed or processed in a fraudulent manner.
81. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations in ¶ 81 and therefore deny.
82. Defendants Steward and One World Fitness deny the allegations in ¶ 82 and affirmatively state that One World Fitness was not a shell limited liability company, but rather was a legitimate and longstanding small business. Defendants Steward and One World Fitness also state that Bullen Wellness was not a shell limited liability company, but rather was used to affiliate Dr. Bullen with One World Fitness without making him a full staff member at One World Fitness.
83. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations in ¶ 83 and therefore deny.
84. Defendants Steward and One World Fitness believe that ¶ 84 of Plaintiff's Amended Complaint is unnecessarily numbered and is actually a prayer for relief. To the extent that ¶ 84 is construed to contain any factual allegations, the Defendants Steward and One World Fitness deny all allegations contained therein.
85. Defendants Steward and One World Fitness reassert and incorporate by reference the answers set forth in paragraphs 1 through 84 as if fully set forth herein.
86. Defendants Steward and One World Fitness deny the allegations in ¶ 86, and affirmatively state that Ms. McMullen's information was only collected to process her healthcare financing application with Defendant Chase with her consent.
87. Defendants Steward and One World Fitness deny the allegations in ¶ 87, and affirmatively state that they made no unauthorized charges and obtained no unauthorized lines of credit.
88. Defendants Steward and One World Fitness do not have sufficient information to admit the allegation contained in ¶ 88 and therefore deny.

89. Defendants Steward and One World Fitness deny the allegations in ¶ 89 and affirmatively state that they never fraudulently obtained a line of credit for Ms. McMullen.
90. Defendants Steward and One World Fitness do not have sufficient information to admit the allegation contained in ¶ 90 and therefore deny.
91. Defendants Steward and One World Fitness deny the allegation in ¶ 91 and affirmatively state that they did not obtain any unauthorized line of credit and took no unauthorized payments.
92. Defendants Steward and One World Fitness do not have sufficient information to admit the allegation contained in ¶ 92 and therefore deny.
93. Defendants Steward and One World Fitness believe that ¶ 93 of Plaintiff's Amended Complaint is unnecessarily numbered and is actually a prayer for relief. To the extent that ¶ 93 is construed to contain any factual allegations, the Defendants Steward and One World Fitness deny all allegations contained therein.
94. Defendants Steward and One World Fitness reassert and incorporate by reference the answers set forth in paragraphs 1 through 93 as if fully set forth herein.
95. Defendants Steward and One World Fitness admit in part and deny in part the allegations in ¶ 95. Defendants Steward and One World Fitness admit that Ms. McMullen entered into a contract with One World Fitness when she renewed her membership at One World Fitness. Defendants Steward and One World Fitness do not have sufficient information to admit to the date of renewal, the renewal amount, the number of sessions that the renewal amount would cover, or any statements made by Mr. Steward at that time, and therefore deny this portion of the allegations.
96. Defendants Steward and One World Fitness do not have sufficient information to admit the allegations contained in ¶ 96 and therefore deny.
97. Plaintiff's ¶ 97 contains a legal conclusion, which does not require any factual averments; but, out of an abundance of caution, Defendants Steward and One World Fitness deny the allegations contained therein.
98. Defendants Steward and One World Fitness do not have sufficient information to admit the allegation contained in ¶ 98 and therefore deny.
99. Defendants Steward and One World Fitness do not have sufficient information to admit the allegation contained in ¶ 99 and therefore deny.
100. Defendants Steward and One World Fitness believe that ¶ 100 of Plaintiff's Amended Complaint is unnecessarily numbered and is actually a prayer for relief. To the extent that ¶ 100 is construed to contain any factual allegations, the Defendants Steward and One World Fitness deny all allegations contained therein.
101. Defendants Steward and One World Fitness reassert and incorporate by reference the answers set forth in paragraphs 1 through 101 as if fully set forth herein.
102. Defendants Steward and One World Fitness admit in part and deny in part the allegations contained in ¶ 102. Defendants Steward and One World Fitness admit that at the time Ms. McMullen entered into the contract with One World Fitness and Bullen Wellness, that One World Fitness was a limited liability company and its LLC status had been revoked. Defendants Steward and One World Fitness deny that One World Fitness LLC was severely undercapitalized.

103. Defendants Steward and One World Fitness deny the allegations in ¶ 103 and affirmatively state that Defendant Bullen never owned or directed any part of One World Fitness, that the only joint ownership interest Defendants Steward and Bullen had was in Bullen Wellness, that Defendant Steward never owned any portion of Washington Chiropractic, and that there was no scheme or conspiracy to defraud customers of One World Fitness.
104. Defendants Steward and One World Fitness deny all allegations contained in ¶ 104 and affirmatively state that One World Fitness and Defendant Bullen had a referral agreement to provide customers of One World Fitness an opportunity to get chiropractic care.  This arrangement was in no way intended to promote fraudulent activity or to result in any identity theft.
105. Defendants Steward and One World Fitness deny all allegations contained in ¶ 105 and affirmatively state that Defendant Bullen was affiliated with One World Fitness through Bullen Wellness, but was not employed by One World Fitness, and One World Fitness was never affiliated with Washington Chiropractic.
106. Defendants Steward and One World Fitness deny all allegations contained in ¶ 106 and affirmatively state that no funds or assets were comingled.
107. Defendants Steward and One World Fitness admit in part and deny in part the allegations contained in ¶ 107.  Defendants Steward and One World Fitness admit that the corporate status has been revoked for One World Fitness and Bullen Wellness.  Defendants Steward and One World Fitness do not have sufficient information to admit to the corporate status of Washington Chiropractic, and therefore deny.
108. Defendants Steward and One World Fitness deny the allegations contained in ¶ 108 and affirmatively state that Defendants Steward One World Fitness did not comingle funds, that One World Fitness was not undercapitalized, and that One World Fitness and Bullen Wellness were operated as small businesses in the District of Columbia.
109. Defendants Steward and One World Fitness deny the allegations contained in ¶ 109 and affirmatively state that at all times One World Fitness was a separate legal entity from Bullen Wellness and Washington Chiropractic, and that Mr. Steward acted at all times within the scope of the One World Fitness stated purpose and in furtherance of the business of One World Fitness.  At no time, did Mr. Steward act in any way on behalf of Washington Chiropractic.
110. Defendants Steward and One World Fitness reassert and incorporate by reference the answers set forth in paragraphs 1 through 109 as if fully set forth herein.
111. Defendants Steward and One World Fitness deny the allegations contained in ¶ 111, and affirmatively state that at no time did they knowingly or intentionally obtain any unauthorized line of credit, improperly bill against any line of credit, or engage in any conduct that was meant to defraud Ms. McMullen.
112. Defendants Steward and One World Fitness do not have sufficient information to admit to the allegations contained in ¶ 112, and therefore deny.
113. Defendants Steward and One World Fitness believe that ¶ 113 of Plaintiff's Amended Complaint is unnecessarily numbered and is actually a prayer for relief.

To the extent that ¶ 113 is construed to contain any factual allegations, the Defendants Steward and One World Fitness deny all allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendants Steward and One World Fitness incorporate by reference all affirmative defenses contained in the Answer to Original Complaint filed on February 17, 2015, at docket number 27. In addition, the Defendants Steward and One World Fitness assert the following affirmative defenses:

A. Consent

B. Failure to Mitigate

C. Impairment of Recourse

In support of these defenses, Defendants Steward and One World Fitness state the following:

1. Ms. McMullen was a client of One World Fitness for a period of time beginning in 2010.

2. As part of starting the client relationship with One World Fitness, Ms. McMullen opened a health care financing account with Chase Health Advantage.

3. Ms. McMullen was informed that this was a line of credit.

4. Ms. McMullen renewed her membership and upon renewal engaged in another round of financing through Chase Health Advantage.

5. Ms. McMullen primarily worked with one personal trainer for the duration of her relationship with One World Fitness.

6. That personal trainer was terminated from One World Fitness.

7. After termination of the personal trainer that Ms. McMullen had been working with, One World Fitness offered to continue working with Ms. McMullen by providing her with another personal trainer. Ms. McMullen declined and immediately stopped training at One World Fitness.

8. Ms. McMullen was not in contact with One World Fitness until several months later.

9. One World Fitness attempted to work with Ms. McMullen to provide her a refund.

10. Ms. McMullen stopped communicating with One World Fitness regarding her refund sometime in late 2011.

WHEREFORE, Defendants Steward and One World Fitness respectfully request that this Honorable Court:

1. Dismiss all actions brought against the Steward Defendants as frivolous;

2. Deny all relief requested by Plaintiff;

3. Order the Plaintiff pay reasonable attorney's fees and costs relating to the necessity of responding to this matter;

4. Grant any further relief as the Court deems just and proper in this matter.

    By: Karim Steward
    One World Fitness

    Respectfully submitted,

    ___/s/ Patrick C. Horrell___
    Patrick C. Horrell, DCBN # 996974
    Rosenau LLP
    1801 18th St., N.W., Suite # 9
    Washington, DC 20009
    (202) 387-8680 (Office)
    (202) 387-8682 (Fax)
    Patrick.Horrell@rosenaulaw.com

## VERIFICATION

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THIS FOREGOING ANSWER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

_____     __3/2/2016_____
Karim Steward                                        Date

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2016, a copy of the foregoing Answer to Amended Complaint was filed by e-filing, and served on the following parties: Brendan Klaproth, Esq. (Attorney for Plaintiff); Robert Wick, Esq. and Eric Bosset, Esq. (Attorneys for Defendant JP Morgan Chase & Co.); Brenda S. Everman and Marcos Sassos, Esq. (Attorneys for Defendant Synchronoy Bank); Sidney S. Friedman, Esq. (Attorney for Bullen Defendants).

   /s/ Patrick C. Horrell
Patrick C. Horrell, DCBN # 996974