**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VALERIE MCMULLEN, individually and on behalf of others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>SYNCHRONY BANK, *et al.*,<br><br>                Defendants. | Case No.: 1:14-cv-01983-JEB<br><br>Judge James E. Boasberg |

**DEFENDANT JPMORGAN CHASE & CO.'S
MOTION TO EXCLUDE DECLARATIONS OF UNDISCLOSED WITNESSES**

After this Court permitted Plaintiff's counsel to contact putative class members, Plaintiff filed declarations in support of her motion for class certification from four putative class members who allege that their ChaseHealthAdvance accounts were charged without authorization (collectively, the "Undisclosed Witnesses"). *See* Docs. 114-5, 114-6, 114-8, 114-9. Plaintiff sandbagged Chase by keeping these declarations secret until she filed her class certification motion. Even though these declarations were signed months ago, Plaintiff never disclosed these witnesses to Chase and never produced the declarations in response to Chase's outstanding discovery requests and multiple requests to her attorneys.

During the October 2016 status conference, Chase asked this Court to compel Plaintiff and her counsel to produce any communications—expressly including affidavits—with putative class members. Ex. 1 at 48:8-19. The Court promised that "there's not going to be any sandbagging" and "this won't be sprung on you." Ex. 1 at 52:19-22. However, based on the dates these declarations were signed, Plaintiff *already* had obtained some of them by the date of the status conference—a fact that Plaintiff and her counsel concealed from this Court and Chase.


Plaintiff's failure to abide by her discovery obligations was neither "substantially justified" nor "harmless," Fed. R. Civ. P. 37(c)(1), and this Court should preclude Plaintiff from relying on these declarations to support her motion to certify a class (or for any other reason).[1]  Further, this Court should order Plaintiff (1) to produce all other communications between her attorneys and any putative class members and (2) to pay Chase's attorney's fees and costs incurred in connection with bringing this motion.

## BACKGROUND

### A.     Chase's Extensive Efforts to Discover Plaintiff's Communications With Putative Class Members.

In April 2016, Chase served discovery requests asking Plaintiff to identify and produce documents supporting her allegation that a certifiable class exists.  *See* Ex. 3 at Nos. 16-19, 26.  Chase also specifically asked Plaintiff to produce all communications that Plaintiff or her counsel had had with putative class members.  Ex. 3 at No. 17.  In her discovery responses, Plaintiff stated that this information either did not exist, Ex. 3 at No. 17, or would be produced "on a rolling basis as they become available," Ex. 3 at Nos. 16, 18-19, 26.  However, apart from the single template communication that this Court ordered Plaintiff to produce (*see* Oct. 7, 2016 minute order), Plaintiff never produced any communications with putative class members, nor did she ever disclose that she was withholding signed declarations from putative class members.

On July 5, 2016, this Court allowed Plaintiff's counsel to contact putative class members.  *See* Doc. 100.  The next day, Chase's counsel wrote to remind Plaintiff and her counsel of her "obligation to maintain and produce all records of any communications between Plaintiff and

---

[1]     The Federal Rules excuse Chase from any obligation to meet-and-confer before filing a Rule 37(c) motion.  *See Fulmore v. Home Depot, U.S.A., Inc.*, 423 F. Supp. 2d 861, 872 (S.D. Ind. 2006) ("Rule 37(c) simply does not require conferral.").

any member of the putative class in this action" and to "supplement her responses" when appropriate.  Ex. 4.  Plaintiff's counsel never responded to Chase's July 6 letter.

Approximately two months later, Chase's counsel learned from Dr. Bullen that Plaintiff's counsel had begun contacting putative class members, and Chase again wrote to Plaintiff's counsel to inquire "whether or not Plaintiff, her counsel, or anyone acting on Plaintiff's behalf has contacted or attempted to contact any putative class member."  Ex. 5 at 1.  Chase also reminded Plaintiff, among other things, to supplement her initial disclosures and to produce "[a] copy of any statement (including any affidavit or declaration) obtained from any putative class member."  *Id.* at 2; *see also* Ex. 3 at No. 26 (requesting Plaintiff to produce "any statements YOU[2] have obtained from any potential witness.").  In meet-and-confer emails, Chase's counsel once again asked Plaintiff to produce "copies of all written communications between Plaintiff or her representatives and any putative class member (including but not limited to final affidavits and draft affidavits sent to any putative class members)."  Ex. 6 at 2.  Plaintiff never did so, and her counsel refused even to disclose whether any such communications had taken place and were being withheld.

Chase is entitled to obtain *all* communications from Plaintiff and her counsel with *all* putative class members, not just those who submitted declarations.  Communications with putative class members who did *not* submit declarations may contain admissions exculpating Chase from the claim that it schemed to defraud ChaseHealthAdvance customers.

---

[2]    Chase's discovery requests defined "YOU" as "Valerie McMullen, her agents, representatives, and all PERSONS currently or previously acting or purporting to act on her behalf."  JPMorgan Chase & Co.'s First Set of Requests for Production to Pl. at 3.

### B. This Court Denies Chase's Motion To Compel, But States "There's Not Going To Be Any Sandbagging."

At the October 7, 2016 status conference, Chase requested an order compelling Plaintiff and her counsel to produce all communications with putative class members. *See* Ex. 1 at 48:7-53:17. This request included "any final affidavits" that may have been obtained. Ex. 1 at 48:18. As Chase's counsel explained:

> [A]fter six months of discovery in this case there's been zero evidence produced, zero, of any individual who has come forward and says that they were charged by Chase without their authorization [and] did not get a refund from Chase. The only person who sits in that position right now is Plaintiff.
>
> . . . .
>
> So if Plaintiffs' counsel is going to take the position in class certification and rely on individual class member experiences to support class certification, we're entitled to know that in advance, not when class certification is filed so that we have time to investigate it within the discovery periods that the Court has set.

Ex. 1 at 49:1-22; *see also* Ex. 1 at 50:8-10 ("our view is that we're not entitled to be sandbagged at the class certification stage").

This Court ordered Plaintiff's counsel to produce the letter and email template that Plaintiff had sent to the putative class members. Regarding the balance of Chase's request to obtain any other communications with putative class members, the Court stated, in the presence of Plaintiff's counsel:

> I'm going to hold off on the other one for now . . . . Again, because we're going to come back, there's not going to be any sandbagging. We're going to come back. I'm going to manage this, this won't be sprung on you.

Ex. 1 at 52:17-21.

Discovery in this case subsequently closed in December 2016 (*see* Nov. 30, 2016 minute order), and Plaintiff still had produced no evidence that any putative class member besides

- 4 -

Plaintiff had a ChaseHealthAdvance account that was allegedly charged without permission. Nor had Plaintiff or her counsel disclosed that they had months ago obtained, and were withholding from Chase, declarations from other Chase accountholders. To the contrary, Plaintiff represented in her discovery responses—which she never amended or supplemented—that neither she nor her counsel had engaged in any communications with putative class members. *See* Ex. 3 at No. 17. Plaintiff similarly testified that she knew of no one else whose ChaseHealthAdvance account had been charged without permission. *See* Ex. 7 at 263:7-265:9, 267:22-269:11.

### C. Plaintiff Files Declarations From Undisclosed Witnesses.

Unbeknownst to Chase and to this Court, at the time of Plaintiff's deposition and the October 7, 2016 status conference, Plaintiff's counsel had already obtained two signed declarations from Chase accountholders who are members of the putative class. *See* Decl. of Donald W. Younger (Doc. 114-5) (dated Aug. 31, 2016); Decl. of Jacqueline Pearson (Doc. 114-6) (dated Aug. 30, 2016). As noted above, these and two additional declarations, *see* Decl. of Jennie Drew (Doc. 114-8); Decl. of Barbara Tyner (Doc. 114-9), were never produced to Chase. Nor was their existence ever disclosed to Chase or this Court.

Rather, Plaintiff and her counsel disclosed all four declarations *for the first time* when they were filed with Plaintiff's class certification motion.[3]

---

[3] Plaintiff also filed declarations from three additional putative class members who do not claim to be Chase customers. *See* Decl. of Marc Fisher (Doc. 114-4); Decl. of Valerie Hazen (Doc. 114-7); Decl. of Timothy Husar (Doc. 114-10). Although all three of these declarations are dated before the October 7, 2016 status conference, Plaintiff never disclosed the identities of these individuals nor produced these declarations in discovery.

**ARGUMENT**

The Federal Rules require parties to disclose "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). The Federal Rules also require parties to supplement their initial disclosures and any other written discovery responses "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The duty to supplement continues even after the discovery period has closed. *See McKinney v. Connecticut*, 2011 WL 166199, at \*2 (D. Conn. Jan. 19, 2011).

Rule 37(c)(1) gives teeth to these provisions by instructing courts to exclude evidence obtained from undisclosed witnesses:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

This Court's Local Rules authorize the same sanction. *See* LCvR 26.2(a) ("A party that without substantial justification fails to disclose information . . . or to amend a prior response to discovery . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.").

Here, it is undisputed that Plaintiff failed to disclose to Chase the identities of the Undisclosed Witnesses and the existence of their signed declarations. Plaintiff's initial disclosures do not identify these witnesses by name, as required by Fed. R. Civ. P. 26(a)(1). *See* Ex. 2. In addition, Plaintiff disclaimed knowledge of any other individual whose ChaseHealthAdvance account had been charged without authorization. *See* Ex. 7 at 267:22-269:11. Finally, Plaintiff's discovery responses unequivocally take the position that the

declarations filed with the Court—and any other communications with putative class members—do not exist:

> REQUEST FOR PRODUCTION NO. 17: All COMMUNICATIONS (and DOCUMENTS reflecting or memorializing all such COMMUNICATIONS) YOU have had with any member of the putative class in this action.
>
> RESPONSE: Plaintiff objects to the extent that this request seeks attorney work product and/or communications subject to the attorney-client privilege. Without waiving the aforementioned objections, none.

Ex. 3 at No. 17.[4]

Plaintiff repeatedly and blatantly failed to comply with the Federal Rules of Civil Procedure by hiding these declarations from Chase without any justification, much less the substantial justification necessary to avoid the mandatory exclusion of these declarations under Rule 37(c)(1). Chase's counsel repeatedly reminded Plaintiff of her obligation to supplement her discovery responses with this information. *See* Ex. 4; Ex. 5 at 2. Chase's counsel also repeatedly requested copies of final affidavits. *See* Ex. 5 at 2, Ex. 6 at 2; *see also* Ex. 3 at No. 26 (asking Plaintiff to produce "any statements YOU have obtained from any potential witness");

---

[4] Plaintiff's response also did not disclose that any responsive materials were being withheld on the basis of her attorney work product or privilege objections, as the Federal Rules require. *See* Fed. R. Civ. P. 34(b)(2)(C). Had Plaintiff disclosed that responsive documents were being withheld, Chase could have moved to compel them at the time. The attorney-client privilege does not apply to putative class counsel's communications with absent class members until *after* a class has been certified. *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1203 (10th Cir. 2016) ("[T]he great weight of authority . . . is that the attorneys in the putative class action do not represent [putative class members] as class counsel."); *Morris v. General Motors Corp.*, 2010 WL 931883, at *1 (E.D. Mich. Mar. 11, 2010) ("[N]o attorney-client privilege is established prior to the class certification."); RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 99 cmt. *l* (1998) ("[P]rior to certification, only those class members with whom the lawyer maintains a personal client-lawyer relationship are clients."). For the same reason, the declarations themselves are not attorney work product, nor would be any "facts" communicated to Plaintiff's attorneys by those other putative class members who were not aggrieved.

Ex. 1 at 48:18 (asking in court for "any final affidavits").  Even as the Court reassured Chase that "there's not going to be any sandbagging" and "this won't be sprung on you," Ex. 1 at 52:19-21, Plaintiff's counsel remained silent and never told the Court or Chase that they had *already* obtained declarations they intended to use in this case.

Nor can Plaintiff show that her violation of her discovery obligations is harmless error. "The harm from the failure to disclose a witness flows from the unfair surprise hindering the prejudiced party's ability to examine and contest that witness's evidence."  *Elion v. Jackson*, 544 F. Supp. 2d 1, 6 (D.D.C. 2008) (internal quotations omitted).  Here, because Plaintiff kept these witnesses and their declarations secret during the discovery period set by this Court, Plaintiff "ha[s] robbed [Chase] of the opportunity to depose or otherwise rebut the new evidence" from the Undisclosed Witnesses prior to class certification.  *Smith v. Henderson*, 54 F. Supp. 3d 58, 66 (D.D.C. 2014) (Boasberg, J.) (striking declarations from undisclosed witnesses "in the interest of fairness"); *accord Holak v. K Mart Corp.*, 2014 WL 4930762, at *4 (E.D. Cal. Sept. 30, 2014) (striking declarations of six undisclosed putative class members).

Indeed, just as Plaintiff's Complaint is rife with errors (*see* Doc. 118-1 at 9-10, 12-13), the declarations Plaintiff has submitted with her motion to certify contain fatal defects.  For example, Donald Younger claims that he "never signed any document authorizing Washington Chiropractic to charge against any line of credit that had been issued in my name," Younger Decl. ¶ 4, but Chase's records contain Mr. Younger's signed receipt, Heald Supp. Decl. ¶ 26, HEALD0207.  Similarly, Jennie Drew claims that a ChaseHealthAdvance account had been opened and charged "approximately $5,000" without her permission, Drew Decl. ¶ 5, but Chase's records do not support that assertion, *see* Heald Supp. Decl. ¶¶ 6-7, 10.  Finally, Barbara Tyner waited until after she had been contacted by Plaintiff's counsel in this case to claim that

her Chase charges were fraudulent, *see* Tyner Decl. ¶ 10, even though she received billing statements from Chase for more than six years, made payments on those charges, and spoke with Chase representatives at least 23 times—all without ever alleging fraud, Heald Supp. Decl. ¶¶ 18-23.

The prejudice to Chase also arises from the fact that each declaration describes alleged oral conversations with Dr. Bullen or Mr. Steward, each of whom appeared for multi-day depositions months ago.  *See* Drew Decl. ¶¶ 2-4; Pearson Decl. ¶¶ 3, 7; Tyner Decl. ¶¶ 2-3; Younger Decl. ¶ 3.  Chase had no opportunity to ask Dr. Bullen and Mr. Steward about those alleged conversations because Plaintiff had kept the Undisclosed Witnesses' identities and declarations a secret from Chase.

Moreover, had Plaintiff disclosed her intention to rely on the testimony of putative class members during the October 7, 2016 status conference, or later, Chase would have renewed its motion to compel the production of Plaintiff's counsel's communications with putative class members, including other Chase accountholders who did not provide declarations—because presumably they had no grievances or claims.  Plaintiff thus has presented to this Court a carefully curated—and erroneous—picture about Chase, while hiding other facts that may undermine her claims and pending class certification motion.  *See Kottaras v. Whole Foods Market, Inc.*, 281 F.R.D. 16, 23 (2012) (Boasberg, J.) ("[A] party moving for class certification must, at minimum, establish 'widespread injury to the class." (internal citation omitted)).

## CONCLUSION

For the foregoing reasons, this Court should preclude Plaintiff from relying on the declarations of the Undisclosed Witnesses in her motion for class certification or any other proceedings in this action.  *See* Fed. R. Civ. P. 37(c)(1).  The Court also should order Plaintiff to produce *all* communications between her or her attorneys and other putative class members.  *See*

Fed. R. Civ. P. Rule 37(c)(1)(C) (authorizing "other appropriate sanctions"). Finally, this Court should award Chase its attorney's fees and costs incurred in bringing this motion. *See* Fed. R. Civ. P. 37(c)(1)(A) (permitting a court to also "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to timely disclose witnesses).

DATED:   August 11, 2017.   Respectfully submitted,

*/s/ Andrew Soukup*
Robert D. Wick
Eric C. Bosset
Andrew Soukup
Carol Szurkowski
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001

*Counsel for Defendant Chase Bank USA, N.A., erroneously sued as JPMorgan Chase & Co.*