UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE MCMULLEN,

Plaintiff,

v.

SYNCHRONY BANK, *et al.*,

Defendants.

Civil Action No. 14-1983 (JEB)

## MEMORANDUM OPINION

This Opinion is the final chapter in the long-running suit brought by the Plaintiff class against banks, companies, and individuals related to improper credit lines and charges for gym memberships and personal-training sessions that were billed on health-related credit cards. The only remaining Defendants are Karim Steward and One World Fitness. Neither has participated in this litigation for some time, and neither has responded to Plaintiffs' recent Motion for Summary Judgment. As a result, the Court may consider Plaintiffs' undisputed facts as true, see Fed. R. Civ. P. 56(e)(2); in doing so, it will grant the Motion and enter judgment against these last two Defendants.

**I.   Background**

As the Court has set out the background of this case in detail in prior Opinions, see, e.g., McMullen v. Synchony Bank, 300 F. Supp. 3d 292, 298–300 (D.D.C. 2018), its recitation here will be abbreviated.

Defendants JPMorgan Chase and Synchrony Bank are banks that rolled out programs offering lines of credit for the purpose of financing and facilitating the payment of the medical costs of various elective procedures, but not including gym memberships. See ECF No. 174-2

1

(Pl. Statement of Material Facts), ¶¶ 1–3. Steward owned One World Fitness, a gym that was not eligible for these financing programs. Id., ¶ 6. Defendant Wayne Bullen, who owned a chiropractic business, joined Steward to form Bullen Wellness. Id., ¶¶ 5, 7. The two created this front company, which had no employees, in order to sign up One World gym members for healthcare-financing credit lines. Id., ¶¶ 8–9. These Defendants then obtained healthcare financing for 956 customers of One World without ever submitting signed applications to the banks. Id., ¶¶ 19–20. They then opened credit lines without customers' knowledge or authorization and billed against those credit lines. Id., ¶¶ 78–79. In total, Defendants billed One World customers over $1.8 million in unauthorized charges. Id., ¶ 98.

Plaintiff Valerie McMullen and a class of others brought this action in 2014 against myriad Defendants, but almost all have either settled, had judgment granted against them, or been dismissed. The only two that remain are Steward and One World Fitness, and the claims against them from the Second Amended Class Complaint are Unlawful Trade Practices under the D.C. Consumer Protection Procedure Act (Count II vs. Steward), Fraud and Conspiracy (Count III vs. Steward and One World), Conversion (Count IV vs. Steward), and Breach of Contract (Count V vs. Steward and One World). See ECF No. 80 (Sec. Am. Compl.), ¶¶ 64–100. The current Motion for Summary Judgment invokes only the CPPA and fraud. See ECF No. 174 (Pl. MSJ) at 14–24.

**II.     Legal Standard**

Summary judgment may only be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of

affecting the substantive outcome of the litigation. See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Holcomb, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When a motion for summary judgment is under consideration, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Liberty Lobby, 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

When the non-movant fails to file an opposition, the court may not treat the motion as conceded. See Winston & Strawn, LLP v. McLean, 843 F.3d 503, 506 (D.C. Cir. 2016). Rather, "a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." Id. (quoting Grimes v. Dist. of Columbia, 794 F.3d 83, 95 (D.C. Cir. 2015)). In doing so, the court may, however, accept the moving party's uncontested assertions of fact as true. See Fed. R. Civ. P. 56(e)(2).

### III.     Analysis

Given that the D.C. CPPA offers treble damages, this is where Plaintiffs focus their Motion. Their count under this Act alleges the violation of several provisions — to wit, D.C. Code §§ 28-3904(b), (e), (f), and (r). See Sec. Am. Compl., ¶¶ 65-70. Unlike common-law

fraud, a plaintiff need not prove *scienter* or intent to show a violation of the CPPA.  See Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1073 & n.20 (D.C. 2008).  Rather, she need only show that the merchant violated the statutory elements.  Saucier v. Countrywide Home Loans, 64 A.3d 428, 442 (D.C. 2013).  The CPPA "establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia." D.C. Code § 28-3901(c).  It is a remedial statute to be construed broadly but through the lens of a "reasonable consumer." Saucier, 64 A.3d at 442.

Section 28-3904(b), to begin, prohibits a merchant from representing that it "has a sponsorship, approval, status, affiliation, certification, or connection" that it does not actually have.  Yet, One World and Steward used Chase's logo and marketing materials to mislead customers into believing that Defendants were approved partners of the bank in signing them up for the healthcare program.  Next, Section 28-3904(e) bars the "misrepresent[ation] as to a material fact which has a tendency to mislead," and (f) prohibits merchants from "fail[ing] to state a material fact if such failure tends to mislead."  Here, again, Steward and One World never informed customers that Defendants had not been approved by the banks for the lines of credit, that Defendants were in fact opening lines of credit in Plaintiffs' names and charging amounts against such lines, and that the banks never authorized fitness charges under their program in the first place.

Steward and One World have thus clearly violated the CPPA, and their fraudulent practices resulted in the wrongful billing of $1,837,722.85 against the customers' lines of credit.  See Pl. SMF, ¶ 98.  In addition, the CPPA authorizes the trebling of damages without any further findings.  Byrd v. Jackson, 902 A.2d 778, 782 (D.C. 2006) (citations omitted).  The Court will

thus award $5,513,168.55.  As the same amount was awarded for the same misdeeds against three other Defendants — Wayne Bullen, Washington Chiropractic, and Bullen Wellness — the Court will issue an Order holding Steward and One World jointly and severally liable with each other and the aforementioned three.

**IV.     Conclusion**

For the foregoing reasons, the Court grants Plaintiffs' Motion and will enter judgment in the amount of $5,513,168.55.  A contemporaneous Order to that effect will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 24, 2020